[L. A. No. 2565. In Bank.—August 7, 1911.]

## J. H. SMITH, Appellant, v. IDA B. FURLONG et al., Respondents.

TAX TITLE OF STATE—SALE BY TAX-COLLECTOR—MAILING OF COPY OF NOTICE TO FORMER OWNER ESSENTIAL.—Where the state had acquired a tax-title, and the tax-collector was authorized to sell the same, after publishing and posting the required notices of the time and place of sale, with the statutory contents as provided in section 3897 of the Political Code, including the mailing of a copy thereof "to the party to whom the land was last assessed next before the sale, at his last known post-office address," the mailing of this copy was *one of the facts necessary to authorize the tax-collector to make the sale.*

ID.—MEANS OF INFORMATION TO TAX-COLLECTOR OF TAXPAYER'S LAST ADDRESS—ASSESSMENT BOOK—DELINQUENT LIST.—Since the assessment book and delinquent list are required by law to show the known name and address of each taxpayer, and it appears that the assessment book and delinquent list showed the name and address of the taxpayer, for the year for which the property was sold for taxes to the state, and that the same person continuously paid taxes thereafter, until the deed by the state was executed, it may be inferred from such statutory provisions that the tax-collector was required to consult those books to learn the address of the person to whom the property was last assessed, and that the assessment book under which he was required to make the sale afforded him ample means of information as to the last known address of the taxpayer.

ID.—RECITAL OF WANT OF KNOWLEDGE OF ADDRESS IN DEED—PRIMA FACIE EVIDENCE—REBUTTAL—FALSE RECITAL—INVALID DEED.—The recital of "want of knowledge of the address of the taxpayer," in the deed, "and that for that reason no copy of the notice was mailed," is, under section 3998, of the Political Code, only *prima facie* evidence of the facts recited; and it was sufficiently rebutted by proof that the collector was chargeable with notice of the last known address of the taxpayer. The recital being thus shown to be false in contemplation of law, the tax-collector's deed to the plaintiff was invalid, and passed no title from the state.

ID.—PROVISION OF CONCLUSIVENESS OF STATE'S TITLE INAPPLICABLE TO TRANSFER FROM STATE.—The provision making the recitals in the deed to the state conclusive evidence of the regularity of all proceedings, under section 3787 of the Political Code, has no application to a transfer of title from the state under section 3898 of the Political Code, under which the tax-collector's deed is expressly made only *prima facie* evidence of the facts recited therein.

ID.—POWER OF STATE.—Though the state has power to make a deed transferring its title conclusive evidence of the facts recited, yet it has not exercised such power.

ID.—PURPOSE OF LAW AS TO PRIMA FACIE EVIDENCE.—The only purpose subserved in making the tax-collector's deed from the state only *prima facie* evidence of the facts recited, was to afford the delinquent owner an opportunity to show that express and substantial requirements of the law for his benefit had not been complied with, and hence the deed was invalid. Any contrary view would, in effect, render the deed conclusive evidence, instead of *prima facie* evidence, as provided.

ID.—EFFECT OF INVALID TRANSFER OF STATE'S TITLE—RIGHT OF REDEMPTION BY TAXPAYER FROM STATE.—Where a transfer of the title from the state is shown to be invalid, the right of redemption by the taxpayer from the state still continues.

ID.—ACTION TO QUIET TITLE OF TRANSFEREE AGAINST TAXPAYER—PROPER JUDGMENT.—Where the action was brought by the transferee from the state to quiet his title against the former taxpayer, and it was shown that the plaintiff obtained no title from the state by his purchase, judgment in such action was properly rendered for the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Walter J. Horgan, and C. A. Stice, for Appellant.

Porter & Sutton, for Respondents.

LORIGAN, J.—A rehearing was granted in this matter after decision in Department.

The Department decision was written by Justice Shaw and is as follows:—

"The appeals are from the judgment and from an order denying plaintiff's motion for a new trial.

"The complaint stated a cause of action to quiet title to a city lot in Pasadena. The plaintiff relied solely on a tax title. He introduced in evidence a deed of the lot from the county tax-collector to the state, executed on July 2, 1907, in pursuance of a sale of the lot made on July 1, 1902, for delinquent taxes for the year 1901. No objection is made to the regularity

of the assessment or to the validity of this deed. Plaintiff also introduced in evidence a deed of the lot from the county tax-collector to the plaintiff, executed on June 10, 1908, in pursuance of a sale at public auction by the tax-collector, for the state, made on that day, as provided in section 3897 of the Political Code. This deed was regular on its face. Section 3898 of the Political Code provides that this deed shall recite 'the fact necessary to authorize such sale and conveyance, and that it 'shall be *prima facie* evidence of all facts recited therein.'

"Section 3897 provides that before making the sale the tax-collector must publish in a newspaper and by posting on the land a notice of the time and place of sale, for three successive weeks, and that 'it shall be the duty of the tax-collector to mail a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before the sale, at his last known post-office address.' The mailing of this copy was one of the facts necessary to authorize the tax-collector to make the sale. With respect to it the recital in the deed was as follows: 'And whereas, the address being unknown, W. O. Welch, tax-collector as aforesaid, did not mail a copy of said notice, postage thereon prepaid, to the party to whom the land was last assessed next before such sale.'

"In rebuttal of the *prima facie* effect of this recital, the defendant showed that the assessment book for the year 1901, and the delinquent list of taxes for that year, each contained in a column headed 'Tax Payer's Name,' opposite the assessment of this lot, the words 'Ida B. Furlong, N. W. cor. Los Robles & Walnut St. Pasadena, Cal.' The lot was on the corner of Raymond Avenue and California Street in Pasadena. It was admitted that Ida B. Furlong was the person to whom the lot was last assessed next before said sale to the plaintiff. The evidence showed further that Ida B. Furlong had resided at the northwest corner of Los Robles Avenue and Walnut Street in Pasadena from 1881 to 1903; that in 1903 she moved to the adjoining city of South Pasadena, where she has ever since resided, and that every year from 1902 to 1907, inclusive, the tax on the lot had been regularly paid by her and receipts therefor regularly given to her.

"Section 3650 of the Political Code requires the assessor to prepare an assessment book of all property within the county

showing, among other things, 'the name and post-office address, if known, of the persons to whom the property is assessed.' After the taxes against the property are computed and extended on this book it is to be delivered to the tax-collector (sec. 3732), who must thereupon collect the taxes therein assessed. (Secs. 3746 to 3753.) He must then make a delinquent list of taxes unpaid, describing the property and stating therein the address of each taxpayer, as in the assessment book. (Secs. 3759, 3760.)' After the final settlement by the tax-collector with the auditor for the taxes of each year, including delinquencies, the assessment book and delinquent list of that year, it seems, are given into the keeping of the auditor. (Secs. 3789, 3799.) The tax-collector thus has convenient access to these books and by reason thereof has at hand means of knowledge of the address of the person to whom the property was last assessed. The deed in which he recited that this address was unknown was founded on the assessment book for the taxes of 1901 and on the subsequent deed to the state aforesaid. This deed to the state recited that the property was assessed to Ida B. Furlong for the year 1901. The assessment book and delinquent list for that year showed her address at that time. It does not appear whether the subsequent books showed her address or not. If not, then the address as shown on the books of 1901 constituted her last known post-office address, so far as the tax records were concerned, unless the tax-collector had other information of a different address. From the fact that these books are required to show the address of the taxpayer we think it may be inferred that the tax-collector was required to consult these books for the purpose of learning the address of the persons to whom the property was last assessed. It is evident, therefore, that if the address was unknown to the tax-collector it was because he had failed to avail himself of the ample means of knowledge readily accessible to him and furnished by law for that purpose, one of these books being the record of the assessment from which his authority to make the deed was derived. In view of this evidence and these provisions of the law we think we may assume that the court found that this recital in the deed to the plaintiff was false and that the post-offce address of Ida B. Furlong was by legal intendment known to the tax-collector. We do not intend to lay down the rule that in cases where the deed de-

clares that such address is unknown, and no copy of the notice of sale is registered and mailed, the question whether or not the address is in fact unknown is always open to dispute and subject to proof by evidence *aliunde* the tax records. But we think the provisions requiring the entry of the post-office address of each taxpayer on the assessment book and delinquent list were designed for the purpose of affording the proper officers ready means of information thereof, and that the safer rule is that where the assessment book for the year for which property is sold shows such address, and the last assessment is to the same person, it is the duty of the officer making the subsequent sale by the state to examine such assessment book for the purpose of ascertaining the address, and that where that book shows it, and the subsequent assessments of the same property do not show any address, the tax-collector cannot truthfully say the address is unknown and make a valid sale of the property without mailing and registering the notice to the address so shown. He must take notice of the information contained in the record of the tax sale in virtue of which he executes the deed. This recital being false in contemplation of law it would follow that the deed to the plaintiff was invalid.

"The statute gives to the original owner of land sold to the state for taxes, the right to redeem the same from such sale at any time before the state shall have disposed of it. (Pol. Code, secs. 3780, 3817.) The attempted sale to the plaintiff being invalid because of the failure to mail a notice to the person to whom it was last assessed, the state has not yet disposed of the lot and the right of Ida B. Furlong to redeem the same still continues. The plaintiff having obtained no title by his purchase aforesaid, judgment was properly given for the defendant.

"The judgment and order are affirmed."

On further consideration of this matter we are satisfied that a proper conclusion was reached in the above opinion and it is adopted as the opinion of the court in Bank.

On this rehearing counsel for appellant urges no additional reasons to those presented in Department why the judgment and order of the trial court were not correct. He, however, insists now, as he did in his briefs on the original submission in Department, that in holding it to be a jurisdictional prerequisite to the validity of a sale by the tax-collector for the

state that notice of such sale should be mailed to the last known post-office address of the person to whom the lands were last assessed before the sale as provided by section 3897 of the Political Code, several cases are ignored which distinguish between omissions to give notice required upon proceedings relative to tax-sales which are jurisdictional and those which are not; that in these cases a defective notice or omission to give the notice required, which notice there under consideration was as important as the notice to be mailed under consideration here, was held not to invalidate the tax-deeds. These cases referred to are *Bank of Lemoore* v. *Fulgham,* 151 Cal. 240, [90 Pac. 936]; *Fox* v. *Wright,* 152 Cal. 61, [91 Pac. 1005]; and *Warden* v. *Broome,* 9 Cal. App. 172, [98 Pac. 252]. In the latter case a petition for a further hearing here after decision by the district court of appeal was denied.

These cases were not overlooked or ignored in disposing of the appeal in Department. They were not referred to simply because they had no application to the question involved in the appeal.

In *Bank of Lemoore* v. *Fulgham,* the court was considering objections made to the validity of a deed *to* the state for delinquent taxes. With respect to such deeds the provisions of the code are different from those applying to deeds *from* the state. As to the former, section 3787 of the Political Code provides that such a deed shall be conclusive evidence of the regularity of all proceedings from the assessment by the assessor up to the execution of the deed. As to the latter, that the deed shall recite the facts necessary to authorize the same and shall be *prima facie* evidence of all facts recited therein. (Pol. Code, sec. 3898.)

In the *Bank of Lemoore* case the attack was on the validity of the deed *to* the state for failure on the part of the assessor to enter (as required by section 3680 of the Political Code) upon each subsequent assessment of the property after its sale for delinquent taxes the words "sold for taxes" with the date of sale. This was not done and it was claimed that the making of such a memorandum by the assessor constituted a part of the notice which, in addition to the notice of sale to be given by publication, as provided by law, should be given to the delinquent owner and that failure to give it amounted to depriving him of his property without due process of law. It

was held that notice by publication of the sale being all the notice that a delinquent owner was constitutionally entitled to it was not essential that the legislature should have provided for giving this memorandum notice at all; that the legislature in the first instance might have dispensed with this notice provided to be given by the assessor entirely or having provided for it make, as it did by section 3787, the deed *to* the state conclusive evidence that it had been given.

In *Fox* v. *Wright* it is true that the attack was on the validity of a deed from the state. Among other points made it was claimed that the published notice of sale was defective for failure to set forth the name of the delinquent owner. In disposing of this particular objection it was held that "under section 3787 upon the issuance of the deed the presumption of the regularity and sufficiency of the notice became conclusive." As, however, the court was there considering a deed *from* the state and the regularity of proceedings taken on a sale by the state, section 3787, referred to, making the deed to the state conclusive had no application, and section 3898 making such a deed *prima facie* evidence alone controlled. Hence, the decision in *Fox* v. *Wright* on the point referred to, as it is based solely on a section which was inapplicable, cannot be considered as authority on that point.

The case of *Warden* v. *Broome* has no application whatever. The attack there was on the deed *to* the state on the ground of a radical defect in the notice of sale under which the state acquired the property. As the giving of the notice of sale in the manner required by law is a jurisdictional prerequisite to the validity of the sale to the state and as the notice in question there was radically defective it was held, as it is well settled, that no juridsiction to make the sale to the state was acquired and that section 3787 as to the conclusiveness of a deed to the state could not apply to jurisdictional matters. The question of the notice to be given on a sale by the state or anything concerning the effect of the deed from the state, as to the matter of such notice, was not involved in the case and nothing respecting it was decided.

Having pointed out the inapplicability of these decisions to the only question presented on this appeal it is hardly necessary to add anything further. The opinion quoted fully discusses the one question involved.

It is true as said in *Fox* v. *Wright*, 152 Cal. 61, [91 Pac. 1005], that it is not necessary for the state after it has acquired the title to property under delinquent tax sales to provide for any notice to the delinquent owner that the state intends to sell the property; that it could provide for disposing of it at private sale. But the state has not pursued this course. It has provided that a sale shall be made by it after notice to the delinquent owner and provided how that notice shall be given. No distinction is made in the code provisions between the right of the delinquent owner to notice by publication and notice by mail when his last known post-office address appears upon the assessment-roll. It was deemed equally important by the legislature that he shall be given both kinds of notice when it can be done. The intention doubtless proceeded from the fact that, as it was the last opportunity the delinquent owner would have to save his property, as complete a method of giving him notice as was practicable should be adopted. It must be admitted that the mailing of notice to the last known address is a very beneficial provision and we cannot perceive why it should be held to be unimportant. If the legislature intended that a failure to comply with the law in this respect should not defeat a sale by the state it could have provided as it did with reference to sales to the state that the deed should be conclusive evidence. On the contrary it is provided that the deeds shall recite the facts as to notice and shall be only *prima facie* evidence of those facts. The giving of notice by publication and by mail and making the sale are about the only substantial things a tax-collector is to do and the most important facts to be stated in the deed. The only purpose to be subserved in making the deeds *prima facie* evidence of the facts recited was to afford an opportunity to the delinquent owner to show that express and substantial requirements of the law for his benefit had not been complied with and, hence, the deed was invalid. If this was not the purpose then nothing was subserved by making the deed only *prima facie* evidence of the facts recited. In effect, any contrary view would make it conclusive.

We are satisfied that the giving of notice by mail, as section 3897 requires, is a jurisdictional prerequisite to a valid sale by the state, and that as under section 3898 a deed made thereunder is only *prima facie* evidence of the fact as to the notice

CLX Cal.—34

recited therein, if the notice was not given the sale by the state is invalid.

The judgment and order are affirmed.

Shaw, J., Angellotti, J., Sloss, J., Melvin, J., and Henhsaw, J., concurred.