[L. A. No. 2732.   Department One.—November 9, 1911.]

## EDGAR W. CAMPBELL et al., Appellants, v. NELLIE SKINNER MORAN et al., Respondents.

TAXATION—SALE BY STATE OF LAND ACQUIRED FOR DELINQUENT TAXES—MAILING NOTICE OF SALE TO PARTY LAST ASSESSED.—Under section 3897 of the Political Code, as amended in 1907, it is essential to the validity of a sale by the state of land deeded to it for delinquent taxes that the tax-collector conducting the sale mail a copy of the notice of sale to the party to whom the land was last assessed next before the sale at his last-known post-office address.

ID.—MAILING NOTICE JURISDICTIONAL—ADDRESS NOT UNKNOWN.— The giving of such notice by mail is a jurisdictional prerequisite to a valid sale by the state, at least in all cases where the address of such party is not unknown.

ID. — ADDRESS APPEARING ON LAST ASSESSMENT — TAX-COLLECTOR CHARGED WITH NOTICE OF.—As section 3650 of the Political Code requires the assessor to state in the assessment of property "the name and post-office address, if known, of the person to whom the property is assessed," the address shown on the last assessment constitutes the last-known post-office address so far as the tax records are con-

cerned, and in the absence of information of a different address, the tax-collector must take notice of the address so shown and mail the notice thereto.

ID.—RECITAL OF MAILING NOTICE IN DEED FROM STATE—EVIDENCE CON‐ TRADICTING RECITAL.—The recital in the deed from the state as to the mailing of such notice, even if assumed sufficient to show such mailing as the statute requires, is only *prima facie* evidence of the facts recited, and the owner of the land, in an action to quiet title by one claiming under such deed, may show that the recital was untrue and that the statutory requirement in this regard had not been complied with.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

C. A. Stice, and Walter J. Horgan, for Appellants.

O. B. Carter, and Schweitzer & Hutton, for Respondents.

ANGELLOTTI, J.—This is an action to quiet plaintiffs' alleged title to the land described in the complaint, being a lot in the city of Los Angeles. Defendant Nellie Skinner Moran had judgment that plaintiffs have no interest in the property, and that, as against them, she is the absolute owner thereof. Plaintiffs appeal from the judgment, and from an order denying their motion for a new trial.

It was stipulated at the trial that plaintiffs have no title to the property except such as they may have acquired by virtue of an attempted sale by the state on account of non-payment of state and county taxes for the year 1902, and that unless the title to the property be shown to be vested in plaintiffs by virtue of such attempted sale, the title to the property in controversy is vested in said Nellie Skinner Moran.

For the purposes of a decision herein, it will be necessary to consider only one of the many points made by respondents in support of the determination of the trial court.

The assessment of the property for the year 1902 was to "James Moran." The tax thereon not having been paid, the property was sold to the state on July 1, 1903, and no redemption having been made within five years from the date of

.such sale, a deed of the property was made to the state by the tax-collector on July 2, 1908. (Pol. Code, sec. 3785.) Thereafter, in the year 1909, it was attempted to make a sale of this property through the tax-collector of Los Angeles County as authorized by and in accord with the provisions of section 3897 of the Political Code. The attempted sale was had on February 19, 1909, and plaintiffs were the purchasers at such sale. The last assessment of this property "next before the sale" was in the year 1908 and was to "Nellie S. Moran," defendant herein, and the address of said defendant, written on the assessment book, was "833 S. Spring St." It was definitely shown by the evidence that no notice or copy of notice of this sale was ever mailed by the tax-collector to said Nellie S. Moran, or to any person at the address shown by the last assessment. A notice of such sale, with the postage thereon prepaid, and registered, had been mailed, addressed to "James Moran, 249 South Spring Street, Los Angeles, California," and this had been returned by the postmaster to the tax-collector on February 8, 1909, without having been delivered. As we understand the record, this was the only notice by mail of the sale that was ever attempted to be given, and is the notice by mail referred to in the deed from the state as having been given. No claim to the contrary is made by counsel for plaintiffs.

Upon these facts it must be held, in view of the findings of the trial court in favor of defendants, and in view of the decision of this court in the recent case of *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527], that the attempted sale by the state was ineffectual for any purpose, and that consequently plaintiffs are without any interest in the property. It is required by section 3897 of the Political Code, as amended in 1907, that the tax-collector making the sale under authorization from the state, shall not only give notice of the sale by publishing a notice in a newspaper for a specified time, but also that he shall "mail a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before the sale, at his last known post-office address. The owner of land sold to the state for taxes being given by statute the right to redeem the same at any time before the state shall have disposed of it (Pol. Code, secs. 3780 and 3817), it was held. that this provision as to notice by.

mailing, enacted by the legislature, was a substantial requirement for his benefit, compliance with which was essential to the validity of a sale by the state; in other words, that "the giving of notice by mail, as section 3897 requires, is a jurisdictional prerequisite to a valid sale by the state," at least in all cases where the address of the party is not unknown. As section 3650 of the Political Code requires the assessor to state in the assessment of property "the name and post-office address, if known, of the person to whom the property is assessed," it was substantially held in the same case that the address shown on the last assessment constitutes the last known post-office address, so far as the tax records are concerned, and that in the absence of information of a different address, the tax-collector must take notice of the address so shown and mail the notice thereto. In this case, as we have seen, not only was no notice mailed to any person at the address so shown, but no notice was mailed to the party to whom the land was last assessed next before the sale, at any address, and the notice in fact mailed, addressed to another person, was returned undelivered to the tax-collector.

The recital in the deed from the state as to the mailing of a copy of the notice, even if assumed sufficient to show such mailing as the statute requires, was only *prima facie* evidence of the facts recited (Pol. Code, sec. 3898; *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527]), and it was open to defendant to show that the recital was untrue, and that the statutory requirement in this regard had not been complied with. This was certainly sufficiently shown to warrant the conclusion of the trial court that the requirement had not been complied with, a conclusion we must assume the court reached, in view of its general findings in favor of defendants.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Sloss, J., concurred.