[L. A. No. 2744.    Department One.—November 10, 1911.]

## J. H. SMITH, Appellant, v. ANDREW BOSTON, Respondent.

TAXATION—DEED FROM STATE OF LAND ACQUIRED FOR DELINQUENT TAXES—NOTICE OF SALE—FAILURE TO MAIL NOTICE OF SALE TO PERSON LAST ASSESSED—RECITAL IN DEED.—A deed of the tax-collector of land sold by the state which it had acquired for delinquent taxes *prima facie* establishes the fact that no copy of the notice of sale was mailed, as required by section 3897 of the Political Code, "to the party to whom the property was last assessed next before the sale, at his last-known post-office address," where it recites that "whereas the address being unknown, the tax-collector did not mail a copy of said notice, postage thereon prepaid, to the party to whom the land was last assessed next before such sale."

ID.—NOTICE OF SALE TO PARTY LAST ASSESSED ESSENTIAL TO VALIDITY OF SALE.—Under section 3897 of the Political Code, as amended in 1907, an attempted sale by the state of land acquired by it for delinquent taxes is invalid and ineffectual to pass any interest in the property to the purchaser if the tax-collector conducting the sale fails to mail a copy of the notice of sale to the known address of the party to whom the land was last assessed next before the sale.

ID.—ENTRY OF ADDRESS ON LAST ASSESSMENT-ROLL—NOTICE IMPUTED TO TAX-COLLECTOR—FAILURE TO MAIL NOTICE TO SUCH ADDRESS VITIATES SALE.—The tax-collector was charged with notice of the post-office address of the party to whom the land was last assessed next before the sale by the entry thereof on the last assessment-roll, and it was essential to the validity of the sale that a copy of the notice of sale should have been mailed to the address so shown. Evidence of such entry was sufficient to establish the falsity of the recital in the deed that the address was unknown to the tax-collector.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Walter J. Horgan, and C. A. Stice, for Appellant.

Tanner, Taft & Odell, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment in favor of defendant and from an order denying plaintiff's motion for a new trial in an action brought by him to quiet his alleged title to a lot of land in the city of Santa Monica, Los Angeles County.

It is admitted that plaintiff has no title to the property except such as he may have acquired by virtue of an attempted sale by the state on account of non-payment of state and county taxes for the year 1901. If plaintiff acquired no title thereby, admittedly defendant, who is shown by the evidence to have acquired the property in the year 1902 and to have ever since been in possession thereof and living thereon, paying all taxes levied thereon, was entitled to judgment against plaintiff.

It will be necessary to notice but one of the many points made in support of the judgment.

It was found as a fact by the trial court, in response to the issue made by the complaint and answer, that the plaintiff is not the owner of the premises mentioned in the complaint, nor of any part thereof, and has no interest in or to said premises. The finding is in no way dependent upon or inconsistent with other findings of certain specific facts, and without regard to such other findings constitutes sufficient support for and compels the judgment that was given. This finding is fully sustained by the evidence, as we shall proceed to show.

The attempted sale by the state, through the tax-collector of Los Angeles County, was in the year 1908, and the last assessment "next before the sale" was in the year 1907. The transcript on appeal shows that the property was then assessed, as it had been for the year 1906, to "Andrew J. Boston," and that his address was given in such assessment of 1907 as "Santa Monica," and in the assessment of 1906 as "232 S. Ocean Avenue, Santa Monica, California." It furthermore showed "tax statements and receipts to Andrew J. Boston" for the years 1904 and 1905. It was claimed on a motion by plaintiff to amend the transcript, heard at the time of the argument of

this appeal, that the engrossed and settled statement on motion for new trial states that the assessment for the year 1907 was to "Andrew J. Borton," instead of "Andrew J. Boston." This was denied by defendant, and the case was submitted for decision with the understanding that if it was found to be a material matter, the submission would be set aside and an opportunity given plaintiff to substantiate his claim. We are satisfied that a determination of this question regarding the correctness of the transcript is not essential to a proper disposition of this appeal, and that it may be assumed that the name of the property-owner was given in the assessment of 1907 as "Andrew J. Borton." It still remains that the record shows that the address of the person to whom the property was assessed was given on the assessment as "Santa Monica." It is established *prima facie* by the deed of the tax-collector, and there is no evidence in conflict therewith, that no copy of the notice of sale was mailed, as required by section 3897 of the Political Code, "to the party to whom the land was last assessed next before the sale, at his last known post-office address," it being recited in the deed, exactly as it was recited in *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527,] "and whereas the address being unknown, W. O. Welch, tax-collector, as aforesaid, did not mail a copy of said notice, postage thereon prepaid, to the party to whom the land was last assessed next before such sale." It thus appears that a copy of the notice was not mailed to "Andrew J. Borton" at the address shown by the assessment or at all. It was further shown by uncontradicted evidence that a copy of the notice was not mailed to Andrew J. Boston at all, so that if we assume that the transcript is correct and that the assessment for the year 1907 was to him instead of to Andrew J. Borton, as claimed by plaintiff, nevertheless, the notice by mail required was not given. In either event, the requirement of section 3897 of the Political Code that a copy of the notice be mailed, with the postage thereon prepaid, and registered, "to the party to whom the land was last assessed next before the sale (who was either Borton or Boston), at his last known post-office address," was not complied with, although in such assessment an address was shown. Even if the assessment was, as claimed by plaintiff, to "Borton," instead of "Boston," it is apparent from the record that the use in the name of the

letter "r" instead of "s" was a mere clerical error, and it may be that the mailing of a notice to "Boston" would have been sufficient, but as to this it is unnecessary to decide. No notice was mailed to either "Boston" or "Borton." It furthermore appears that Boston never had any actual notice of such proposed sale. It is established by *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527], that the evidence hereinbefore stated was sufficient to warrant a conclusion by the trial court that the recital in the deed of the tax-collecter to the effect that the address of the party to whom the property was last assessed was unknown was false, and that such post-office address was by legal intendment known to the tax-collector, the court saying: "It is evident, therefore, that if the address was unknown to the tax-collector, it was because he had failed to avail himself of the ample means of knowledge readily accessible to him and furnished by law for that purpose, one of these books being the record of the assessment from which his authority to make the deed was derived." It is further established by *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527], that such evidence fully supports a conclusion that the requirement of section 3897 of the Political Code as to mailing a notice of the sale has not been complied with. It is still further established by that decision that a failure to comply with the requirement renders the attempted sale by the state invalid and ineffectual to pass any interest in the property to the purchaser. (See, also, *Campbell* v. *Moran,* L. A. No. 2732, *ante,* p. 325, [119 Pac. 89].) It is therefore manifest that, without regard to any of the other points made in support of the judgment of the lower court, plaintiff was not shown to have any interest in the property, and that the finding to that effect is fully supported by the evidence.

The judgment and order denying a new trial are affirmed.

Sloss, J., and Shaw, J., concurred.