[S. F. No. 5620. Department One.—December 7, 1911.]

## E. R. WRIGHT, Appellant, v. ANGLO-CALIFORNIAN BANK, LIMITED (a Corporation), Respondent.

TAXATION—LANDS ACQUIRED BY THE STATE FOR DELINQUENT TAXES—SALE BY STATE—NOTICE OF SALE TO PARTY LAST ASSESSED ESSEN·

TIAL.—Under section 3897 of the Political Code, the mailing of a notice of sale to the party to whom land was last assessed next before the sale, where the address is known, or shown on the assessment-roll so that it can be ascertained, is essential to the validity of a sale by the state of lands purchased by it for delinquent taxes.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order refusing a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Preston & Preston, for Appellant.

Thomas, Pemberton & Thomas, for Respondent.

SHAW, J.—The land in controversy was sold to the state on June 28, 1901, for non-payment of taxes. No redemption was made, and on November 4, 1907, in pursuance of proceedings for that purpose, the tax-collector of the county sold and conveyed the same to the plaintiff. The plaintiff then began this action to quiet title. The complaint was in the usual form alleging that plaintiff was the owner of the land, but not giving the details of his title. One Fechheimer was the owner of the land on January 19, 1901, and on that day he executed a deed purporting to convey the same to defendant. The defendant, by cross-complaint, set up the title thus acquired asking judgment that plaintiff is not the owner of the land and that defendant is the owner thereof. Judgment was given for defendant. Plaintiff appeals from the judgment and from an order denying a new trial.

The cross-complaint alleges that the defendant was the party to whom the land was last assessed next before the sale and deed by the collector to the plaintiff, that its address was then, is now and for many years has been, San Francisco, California, that said address was well known to said tax-collector and that no copy of the notice of the proposed sale of the land by the state was mailed to the defendant prior to the sale, as required by section 3897 of the Political Code. These allegations are not denied and they therefore stand as admitted facts of the case. This brings the case within the rule established by *Smith* v. *Furlong,* 160 Cal. 522, [117

Pac. 527]; *Campbell* v. *Moran,* *ante,* p. 325, [119 Pac. 89], and *Smith* v. *Boston,* *ante,* p. 341, [119 Pac. 91]. The mailing of this notice, where the address is known, or shown on the assessment-roll so that it can be ascertained, is essential to the validity of a sale by the state of lands purchased by it for delinquent taxes. The judgment was therefore correct. It is not necessary to notice the other points presented.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.