[L. A. No. 2754.  Department Two.—February 8, 1912.]

OSWALD KEHLET and J. H. SMITH, Appellants, v. CHARLES A. BERGMAN et al., Defendants; JEAN- NETTE APION, Respondent.

TAXATION—SALE BY STATE—NOTICE OF SALE TO PERSON LAST ASSESSED —TAX-COLLECTOR'S DUTY TO ASCERTAIN ADDRESS—OUTSIDE SOURCES OF INFORMATION.—Where real property acquired by the state for delinquent taxes is sold by the tax-collector in pursuance of section 3897 of the Political Code, and the post-office address of the person to whom the property was last assessed fails to appear on the assessment-roll, and is not in fact known to the tax-collector, it is not essential to the validity of the sale that such official should resort to outside sources of information to learn the address, in order to mail the notice of the sale as provided by that section. His inquiry, so far as the records of the assessor's office are concerned, need only extend to an inspection of the assessment-rolls from the date of the delinquent assessment to that made last before the sale.

ID.—DESCRIPTION IN ASSESSMENT—REFERENCE TO RECORDED MAPS.—A description in an assessment which accurately describes the land in accordance with a recorded map is valid and sufficient to charge the owners with notice, notwithstanding they acquired their title to the land by a description making reference to another map of later record.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Walter J. Horgan, and C. A. Stice, for Appellants.

Charles Lantz, for Respondent.

HENSHAW, J.—This action is to quiet title. It is brought by plaintiffs claiming under a tax title from the state against defendants, owners of the land at the time the assessment for which the property was sold became delinquent. Judgment passed for defendants and from that judgment and from the order denying their motion for a new trial plaintiffs appeal.

The notice contemplated by section 3897 of the Political Code was not mailed, the deeds reciting that the addresses of

the owners were unknown. It is contended in support of the judgment that upon the authority of *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527], the failure to send this notice, the post-office addresses of the defendants being known, was fatal to the validity of the deed. The court made no specific finding upon the matter, but the following unquestioned facts are disclosed by the evidence: The delinquent assessment for which the property was sold was levied in 1896. Neither the assessment-roll for that year, nor for any succeeding year, down to and including the last assessment next before the sale, disclosed the residence or the "last known post-office address," or, indeed, any address of the defendants. Defendants were permitted to show that earlier assessment-rolls showed addresses of the defendents or of their predecessors in interest, and that the residences of the defendants were given in the Los Angeles city directory during the year for which the lots were last assessed and the year just prior thereto. The contention upon this evidence is that the tax-collector was charged with notice, that in the exercise of the diligence required in the performance of his duties he should have resorted to these means of information, and that he should have searched the records of the assessor's office to discover whether statements had been handed in to the assessor by the property-owners, and whether these statements contained the property-owners' residences, and that his admitted failure so to do was an additional circumstance showing that he did not make use of the notice and of sources of information which were at hand and which it was his duty to inspect. This, however, is carrying the principle of *Smith* v. *Furlong* much further than it was carried in that case and is an extension of it far beyond reasonable bounds. Section 3650 requires the assessor to prepare an assessment-book showing "the name and post-office address, if known, of the person to whom the property is assessed." Under the assumption that official duty has been performed, if the assessment-roll does not contain these addresses, the conclusion is that the taxpayer was delinquent in not presenting to the assessor the statement contemplated by law, containing his address. If he has not done so, and has not in some other appropriate manner made known his address to the assessor, he, and no other person, is responsible for his own delinquency. If he has properly advised the assessor of

his address and the assessor has failed to note it upon the assessment-roll which he delivers to the tax-collecter, and from this omission loss results to the taxpayer, he would unquestionably have recourse against the assessor. But, so far as the tax-collector is concerned, if the assessment-roll is delivered to him containing no address, he will be charged only with the notice of address which may be conveyed by some assessment-roll from and including the assessment upon which the tax became delinquent down to the last assessment-roll next before the sale. These assessment-rolls cover all the period of time affecting the sale of the property, and it is unreasonable to hold that the tax-collector is officially required to do more than inspect them. It would impose upon him onerous duties, and duties not contemplated by the law, to hold that he must inspect all assessment-rolls, or that he must have resort to the assessor's office and determine for himself whether in the accumulated files of that department there may have been a statement containing such address. It is unnecessary in this decision, and it is not decided, to determine whether in case the address is actually known to the tax-collector, though not appearing on the assessment-roll, he is required to mail the notice. It is sufficient for the purposes of this case to declare that he is not compelled to resort to outside sources of information to learn the address, and that his inquiry, so far as the records of the assessor's office are concerned, is limited to an inspection of the assessment-rolls from the date of the delinquent assessment to that last made before the sale. It follows, therefore, that the judgment is not supported by the implied finding that the deeds were void for failure to mail the notice required by section 3897 of the Political Code.

The second proposition turns upon the description in the assessment. It is admitted that the description was in terms sufficient. It was of certain lots, as shown upon the recorded map known as "Hellman & Stassforth's Subdivision map of lot five (5) of Workman & Hellman's Subdivision of block 73 of Hancock's survey." Subsequent to the filing of this map Davin & Jullien acquired title to part of the property and filed a later map known as "Davin & Jullien's Subdivision of part of lots 6 and 7, block 73 of Hancock's survey." The contention of respondents is that they took title by a description

under this later map, that the later map superseded the earlier map, that they were not charged with notice of a description given under the earlier map, and that therefore the description actually made contained misleading elements which rendered it invalid. (Burroughs on Taxation, p. 204.) Thus it will be seen that the contention is not that the description does not accurately describe their property in accordance with a recorded map, but that they are not charged with notice of such a description because they took title by a description making reference to a map of later record. This very statement of the contention shows its untenableness. Section 3650 of the Political Code authorizes any "description sufficient to identify" the land. This general language. is considered in *Best* v. *Wohlford*, 144 Cal. 733, [78 Pac. 293], where the supreme court of Nebraska is quoted with approval to the following effect: "Where the description was by lot and block according to a map which had been filed and afterwards vacated, it was objected that the description was defective as referring to lots which had no legal existence. The court overruled this objection, saying, 'Where, for the purposes of taxation a description is used, so certain in its terms that it must, as to the taxpayer have apprised him of the proceedings and of the land assessed, he cannot avoid his share of the public burden merely because there is nothing of record which ascertains the property described.'" Much stronger is this case, where the map was and is of record, and where the property of defendants to which respondents claim title, is accurately shown upon and accurately described by it.

What has been said renders unnecessary any consideration of the cross-complaint of defendants which sought to quiet title to these same lands under a description in accordance with the Davin & Jullien map. If the description covers the same lands the cross-complaint was unnecessary, if it covered different lands it was improper since plaintiffs were laying no claim to them.

For the foregoing reasons the judgment and order appealed from are reversed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.