[L. A. No. 3491. In Bank.—March 2, 1916.]

## JOHN C. JORDAN, Appellant, v. TRUXTUN BEALE, Trustee, et al., Respondents.

TAXATION—SALE BY STATE FOR LESS THAN STATUTORY AMOUNT.—A sale by the state of land sold to it for delinquent taxes is void, if made for an amount less than that specifically required by section 3897 of the Political Code.

ID.—RIGHT OF REDEMPTION—OWNER MAY OBJECT TO SALE FOR LESS THAN STATUTORY AMOUNT.—The right of the property owner to redeem from the sale to the state remains until the state has disposed of the land. He is, therefore, entitled to object to having his right of redemption cut off by any sale by the state other than one made in accordance with the direct requirement of the law.

ID.—QUIETING TITLE—ADVERSE POSSESSION—ALLEGATION OF OWNERSHIP.—In an action to quiet title, the defendant, under an allegation of ownership, is entitled to prove title based on adverse possession, or however else acquired.

ID.—INSUFFICIENT EVIDENCE OF ADVERSE POSSESSION—GRAZING CATTLE ON UNINCLOSED LAND.—The holder of such tax deed did not establish title by adverse possession, where the evidence merely showed that for a period of twenty years he grazed his cattle on the land, which was entirely uninclosed, that his possession long antedated the acquisition of the tax deed and was not hostile in its inception, and there was nothing to show that its character had changed.

ID.—ESSENTIALS OF ADVERSE POSSESSION.—In order to be adverse, possession must be under a continuous claim of title hostile to that of the opposing party for the period prescribed by law.

APPEAL from a judgment of the Superior Court of Kern County.  J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Watkins & Blodget, and Victor T. Watkins, for Appellant.

Thomas Scott, for Respondents.

SLOSS, J.—The plaintiff filed a complaint in the usual form to quiet title to a tract of land situated in Kern County. The defendants answered denying plaintiff's allegations, and filed a cross-complaint in which they asserted ownership of the land and prayed to have their title quieted against plaintiff's claims.  Plaintiff answered the cross-complaint.  The court found that the plaintiff was not and that the defendant Truxtun Beale, as trustee, was the owner of the premises and entitled to their possession and entered judgment accordingly. The plaintiff appeals upon the judgment-roll and a bill of exceptions.  He attacks the sufficiency of the evidence to support the findings of the court with regard to the ownership of the land.

Title was originally vested in the plaintiff under a United States patent.  The defendant Beale, trustee, claims title under a sale for delinquent taxes.  He also claims ownership by virtue of adverse possession.

The property was sold to the state in 1895 for failure to pay taxes levied in 1894.  The tax collector's deed to the state was made on August 1, 1901.  Sale by the state to Beale as trustee was made on February 8, 1904, and a deed executed on February 9, 1904.  A corrected deed was made on April 9, 1906.

The plaintiff attacks the validity of both the sale to the state and the subsequent sale by the state on a variety of grounds.  It will be unnecessary to go into all of these as we are satisfied that one, at least, of the points made is fatal to the validity of the respondent's claim under the tax proceedings.  The deeds from the state to Beale—both the original and the corrected deed—show that the property was sold for the sum of $35.22.  The notice of sale published by the tax collector, as required by section 3897 of the Political Code, stated that the taxes and interest due upon the land amounted

to "35.22, advertising $5.00, total $40.22." It appears there-
fore, that the sale was made for less than the amount re-
quired by the section last quoted, which declares expressly
that "no bid shall be received or accepted at such sale for
less than the amount of all the taxes levied upon such prop-
erty and all costs and penalties for every year delinquent as
shown by the delinquent-rolls for said years to the date of the
execution of the deed to the state, and all expenses accrued
to the date of the sale under this section, together with inter-
est. . . ." The section contains a proviso whereby, upon a
resolution of the board of supervisors, the state controller
may by written authorization direct the tax collector to sell
the property for a smaller sum. It is not pretended, how-
ever, that this case comes within the exception. On the con-
trary, the controller's authorization, which is in the record,
expressly declares that "no bid shall be received for less than
the amount of all the taxes levied upon such property and
all interest, penalties and expenses up to the date of the sale.
. . ." The only answer made by the respondent to this point
is that "the owner could not be injured by having the prop-
erty sold for less than the amount of the taxes," and it is
sought to liken the case to that of a sale for an amount greater
than the amount due. But there is no parallel between the
two cases. The statute in terms provides for a sale by the
state "to the highest bidder for cash," and clearly contem-
plates a sale for as large an amount as may be obtained.
(*Fox* v. *Wright,* 152 Cal. 59, [91 Pac. 1005].) A sale for an
amount less than that specified in the statute is, however, pro-
hibited. This provision is not one in which the person liable
for the tax has no interest. Until the state has disposed of
the land under section 3897 the owner's right of redemption
remains. (Pol. Code, secs. 3780, 3817; *Smith* v. *Furlong,* 160
Cal. 522, [117 Pac. 527]; *Campbell* v. *Moran,* 161 Cal. 325,
[119 Pac. 89]; *Wright* v. *Anglo-Californian Bank,* 161 Cal.
500, [119 Pac. 651].) The owner is, therefore, clearly entitled
to object to having his right of redemption cut off by any sale
other than one made in accordance with the direct require-
ments of the law. He may redeem by paying the amount due
with expenses and interest, and is informed by the statute
that this right will remain until some purchaser bids at least
an equal amount. That his rights would be injuriously

affected if it were held that his interest could be terminated by a sale to one bidding less than this amount is manifest.

The respondents' other claim of title is based on adverse possession. Under the pleadings we think the defendants were entitled to rely on this source of title without specifically pleading it in their answer. They filed a cross-complaint alleging title in Beale as trustee and asking to have that title quieted. The plaintiff answered the cross-complaint and went to trial upon the issues thus raised. Regardless of whether a cross-complaint was necessary, the fact remains that such a pleading was before the court, and under respondents' allegation of ownership he was entitled to prove title, however acquired.

We are of the opinion, however, that the evidence was insufficient to establish actual adverse possession of the property. The only testimony was that of Lopez, who was foreman of the Beale estate during and prior to the years in question. The land in controversy adjoined what is known as the Beale grant. The grant was inclosed, but this land, and a large body of adjoining land, was uninclosed during these years. The possession relied on consisted of grazing cattle belonging to the Beale estate on this land and on other uninclosed land in the vicinity. Lopez did not testify that this was done under any claim of title hostile to plaintiff. Indeed the evidence, so far as it goes, indicates the contrary, since the testimony of Lopez was that the Beale cattle had grazed on this land for twenty years. The alleged possession had begun long prior to the acquisition by Beale of the tax deed upon which he founds his claim of title. It was not hostile in its inception, and there is nothing to indicate that its character changed during the twenty years. In order to be adverse, possession must be under a continuous claim of title hostile to that of the opposing party for the period prescribed by law. (*Lovell* v. *Frost,* 44 Cal. 474; *Thompson* v. *Pioche,* 44 Cal. 508, 517; *Thompson* v. *Felton,* 54 Cal. 551; *Unger* v. *Mooney,* 63 Cal. 586, [49 Am. Rep. 100].) For the reasons outlined, the defendant failed to make out a title by adverse possession. (*De Frieze* v. *Quint,* 94 Cal. 653, [28 Am. St. Rep. 151, 30 Pac. 1].)

The judgment is reversed.

Shaw, J., Melvin, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.