[L. A. No. 3874.   Department One.—February 5, 1917.]

BERTHA RUDELL, Appellant, v. W. T. COLLINS, Respondent.

TAXATION—SALE BY STATE OF LAND ACQUIRED FOR DELINQUENT TAXES—MAILING NOTICE OF SALE.—Under section 3897 of the Political Code, upon a sale by the state of real property sold to it for delinquent taxes, the mailing of a copy of the notice of sale to the party to whom the land was last assessed, where the postoffice address of such party is known, is a prerequisite to the authority of the tax collector to make the sale.

ID.—TIME OF MAILING NOTICE OF SALE.—Prior to the amendment of such section in 1913 (Stats. 1913, p. 559), such mailing was required to be made at least three weeks before the sale—that is, at or before the commencement of the period during which notice must be published or posted. A mailing, if any was required, only ten days before the sale was insufficient.

ID.—RECITALS IN DEED—VOID DEED.—Under section 3898 of the Political Code, as it existed prior to the amendment of 1913, the deed from

the state was required to recite either a mailing in compliance with the statute, or the existence of the fact which made such mailing unnecessary,—that is, that the address was not known to the tax collector. A deed failing to contain such a recital was void.

ID.—PROOF OF TAX SALE IN ABSENCE OF DEED.—In the absence of a deed from the tax collector, which the statute makes *prima facie* evidence that the preliminary steps recited in the deed had been taken, the sale by the tax collector cannot be established without proving the various conditions precedent to a sale.

APPEAL from a judgment of the Superior Court of San Bernardino County. W. H. Thomas, Judge.

The facts are stated in the opinion of the court.

Arthur A. Weber, for Appellant.

Allison & Dickson, for Respondent.

SLOSS, J.—Action to quiet title. The plaintiff claims under a tax sale and deed. The court gave judgment dismissing the action upon payment by the defendant to the plaintiff of the amount bid at the tax sale. The plaintiff appeals from the judgment and from an order denying her motion for a new trial.

On August 8, 1911, the property was conveyed to the state of California for nonpayment of taxes levied in the year 1905. A deed was made by the tax collector of San Bernardino County to plaintiff's predecessor on January 22, 1912. This instrument recited, among other things, the due publication of a notice of sale to take place on the twenty-second day of January, 1912, and that the tax collector did, on the twelfth day of January, 1912, "mail a copy of said notice, postage thereon prepaid and registered to the party to whom the land was last assessed next before such sale at his last known post-office address, Redlands, Cal."

Under section 3897 of the Political Code, the mailing of the notice, where the postoffice address of the party to whom the land was last assessed is known, is a prerequisite to the authority of the tax collector to make the sale. (*Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527]; *Campbell* v. *Moran,* 161 Cal. 325, [119 Pac. 89]; *Smith* v. *Boston,* 161 Cal. 341, [119 Pac. 91]; *Wright* v. *Anglo-Californian Bank,* 161 Cal. 500, [119 Pac. 651]; *Krotzer* v. *Douglas,* 163 Cal. 49, [124 Pac. 722].)

Prior to its amendment in 1913 (Stats. 1913, p. 559), the section did not, in terms, prescribe the time when such copy must be mailed. But we have held that, under a fair construction of the earlier provision, the mailing must take place at least three weeks before the sale, i. e., at or before the commencement of the period during which notice must be published or posted. (*Healton* v. *Morrison*, 162 Cal. 668, [124 Pac. 240].) The recital in the deed here is of a mailing only ten days before the sale. This was insufficient, if any mailing was required.

The appellant contends, however, that the evidence introduced by her shows that the postoffice address of the person to whom the property was last assessed was not, either constructively or in fact, known to the tax collector, and that, therefore, no mailing was necessary. Section 3898 of the Political Code, as it read at the time of the deed to plaintiff's grantor, provided that the deed from the tax collector to the purchaser should recite "the fact necessary to authorize such sale and conveyance." The mailing of a copy of the notice was one of the facts necessary to authorize the sale (*Smith* v. *Furlong*, 160 Cal. 522, [117 Pac. 527]), unless such mailing were excused by the fact that the address was not known. It would seem, therefore, that the deed was required to recite either a mailing in compliance with the statute, or the existence of the fact which made such mailing unnecessary, i. e., that the address was not known to the tax collector. A deed which did not contain one or the other of these recitals was not the deed required by section 3898, and did not, accordingly, convey title to the purchaser. This view has been intimated by this court in several decisions. (*Buck* v. *Canty,* 162 Cal. 226, 236, [121 Pac. 924]; *Canty* v. *Staley,* 162 Cal. 379, [123 Pac. 252]; *Davis* v. *Peck,* 165 Cal. 353, 355, [132 Pac. 438]; *Strauss* v. *Canty,* 169 Cal. 101, [145 Pac. 1012].) In none of these cases, however, was a determination of the point absolutely necessary. The extent of the actual decision was that, if the deed did not contain a recital showing either that notice had been mailed or that mailing was not required, the party claiming under the tax sale must, at least, produce evidence outside the deed to show that the required step had been taken, or that it was excused. In each instance, the purchaser had failed to meet this burden, and the judgment against him could be, and was, affirmed without a

definite ruling on the validity of the deed itself. Now that the point is directly presented for decision, we feel compelled to hold that, under the statutes in force prior to 1913, a deed which did not recite either that notice was mailed or that it was not required to be mailed was void.

The appellant makes the further point that the delivery of the deed was not necessary to complete the sale by the tax collector. Assuming the validity of the point (see *Young* v. *Patterson*, 9 Cal. App. 469, [99 Pac. 552]), it cannot avail here. The plaintiff offered no evidence touching the validity of the sale, except to show that the tax collector did not know the address of the person to whom the property was last assessed. There was no effort to prove the various other conditions precedent to a sale. The plaintiff relied upon the effect of the deed itself as *prima facie* evidence that the preliminary steps recited in the deed had been taken. But it is only a deed made in conformity with the requirements of section 3898 which can operate as *prima facie* evidence, and this, as we have seen, was not such a deed. There was therefore no evidence that a valid, or indeed any, sale had taken place.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.