POLYDORE DUCLOS, Respondent, *v.* WILLIAM T. CUNNINGHAM, Appellant.

*Court of Appeals, April* 30, 1886.

Affirming 33 Hun, 667, Mem.

1. *Brokers. When entitled to commissions.*—When a broker, employed to effect a sale, has found a purchaser willing to take upon the terms named, and of sufficient responsibility, he has performed his contract, and is entitled to the commissions agreed upon.
2. *Same. Waiver.*—Even if ordinarily a broker is required to furnish the name of the purchaser as a condition precedent to his right to claim commissions on the sale, the vendor, if he interposes no objection on that ground, but absolutely disavows the sale, waives the right to insist upon any such condition.

Action to recover commissions alleged to have been earned by plaintiff as defendant's broker, in effecting a sale of a quantity of prunes.

Appeal from a judgment of the general term of the supreme court. ·

*Edward Souther*, for appellant.

*James M. Smith*, for respondent.

PER CURIAM.—There was a conflict in the evidence in regard to the contract between the plaintiff and the defendant as to the time when the plaintiff had a right to sell the prunes for the price named as agreed upon. The plaintiff testified that he was authorized to sell the prunes at seven cents per pound on a credit of sixty days, without regard to the time of sale. The defendant, with whom the contract was made, swears that the price fixed at the time of the conversation and agreement was for the day only when the conversation took place between himself and the plaintiff as to the sale. The sale was made by the plaintiff on the following day, at the price named, to responsible buyers. On being advised thereof defendants repudiated the contract on the ground that the plaintiff had no authority to sell at any other time than on the day when the contract was entered into, stating that they were not sellers on the day of the sale under seven and three-quarter cents. The defendants insist that, the telegram sent by the plaintiff to them as to the sale not having stated the name of the purchaser, the minds of the parties did not meet, and no valid contract was made which was binding on the parties.

We think there is no force in this position. No such objection was taken at the time by the defendants, and, had it been, the difficulty, no doubt, would have been obviated at once by the plaintiff disclosing the name of the purchaser.

Even if ordinarily a broker is required to furnish the name of the purchaser as a condition precedent to his right to claim commissions on the sale, as the defendants interposed no objection on that ground, and absolutely disavowed the sale, they waived the right to insist upon any such condition. The rule, no doubt, is that when a broker, employed to effect a sale, has found a purchaser willing to take upon the terms named, and of sufficient responsibility, he has performed his contract, and is entitled to the commissions agreed upon, and the rule claimed, that the minds of the parties did not meet, has no application.

The appellants' rely upon the letters written by the plaintiff after the telegram was sent, and insist that they are an admission that all his efforts have been unsuccessful, and they claim that the broker was not entitled to commissions for unsuccessful efforts. The letters referred to were sufficiently explained by the oral testimony given by the plaintiff; and, as the evidence stood, it was a question for the jury to determine the effect to be given to the letters in question, in connection with the other evidence introduced upon the trial.

The general term opinion fully covers all the questions presented. The judgment should be affirmed.

All concur.