[S. F. No. 1588.   Department Two.—June 30, 1899.]

ABBIE ROSE WOOD, Administratrix, etc., Respondent, v. JAMES C. JORDAN, Appellant.

STREET ASSESSMENT—JUDGMENT OF FORECLOSURE—COLLATERAL ATTACK—ACTION TO QUIET TITLE.—A judgment foreclosing the lien of an alleged street assessment upon certain lands rendered in an action in which the owners were made defendants, and were personally served, and appeared and contested the assessment, and failed to appeal from the judgment, is conclusive of the validity of the assessment, and cannot be collaterally attacked on account of invalidity of the assessment in a subsequent action by one claiming title under the sheriff's deed, to quiet his title against subsequent grantees of the defendants in the foreclosure suit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders refusing to vacate the judgment and to render a different judgment upon the findings, and denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, for Appellant.

J. C. Bates, for Respondent.

HENSHAW, J.—Joseph M. Wood in his lifetime commenced this action against James C. Jordan. Upon his death, while the action was pending, his administratrix was substituted as plaintiff in his place.

The action was to quiet title. Plaintiff claimed both by record title and by prescription. He was successful under his first claim and unsuccessful as to the second. Defendant appeals from the judgment and from the order denying him a new trial.

Plaintiff's record title comes from the sale by the sheriff and his subsequent deed upon foreclosure of certain liens for street assessment upon the land in question. Defendant's title comes by mesne conveyance from the owner of the lands affected by the actions to foreclose the street assessment, the deeds having been made after judgments in the foreclosure suits. The attack upon plaintiff's title is based upon the contention that the judgments in the foreclosure suits were void because of asserted irregularities in the assessments which were the foundation of the actions.

In the actions to foreclose the liens of the street assessments, personal service of the defendants was had. They appeared and contested the action and the validity of the assessments, were defeated and failed to appeal. The court thus had jurisdiction over the person and over the subject matter, and its decree was a finality. It is in the exercise of the taxing power that street assessment liens are imposed upon the land of the property-owner. "Jurisdiction being obtained over the person and over the subject matter, no error in its exercise can make the judgment void. The authority to decide being shown, it cannot be divested by being improperly or incorrectly employed. . . . . The same rules apply to actions to recover delinquent taxes as in other cases in respect to collateral attacks. It cannot be shown to avoid the effect of such judgments that the taxes were previously paid. Neither will such judgment be in the least affected because it appears from the judgment-roll that the assessment was illegal and void." (Freeman on Judgments, sec. 135.) The conclusiveness of judgments and their freedom from collateral attack have been directly held to apply to judgments for the foreclosure of street assessments. (*Mayo v. Ah Loy*, 32 Cal. 477; 91 Am. Dec. 595; *People v. Doe*, 36 Cal. 220; *Eitel v. Foote*, 39 Cal. 439; *Mayo v. Foley*, 40 Cal. 281; *Crall v. Poso Irr. Dist.*, 87 Cal. 140. See, also, *Hahn v. Kelly*, 34 Cal. 391; 94 Am. Dec. 742.)

The judgments which were the foundations of the sheriff's

deeds in question were certainly not void, and, whatever may be the alleged errors, they may not be reviewed upon this collateral attack.

The judgment and order appealed from are affirmed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.