[L. A. No. 2598.—In Bank.—February 6, 1912.]

R. W. CAMPBELL, Appellant, v. Z. R. SHAFER, Respondent.

TAXATION.— SALE FOR EXCESSIVE AMOUNT OF TAXES AND COSTS— VALIDITY OF DEED—BURDEN OF PROOF TO SHOW SALE FOR EXCESS. —Assuming that a tax-deed would be invalidated by proof that the specific amount for which the land was declared therein to be sold to the state was twenty cents in excess of the taxes and costs due on the property, the burden of proof is on the party assailing the deed to establish such fact, unless the evidence thereof is fur-

nished by the deeds themselves from the tax-collector to the state or from the state to the purchaser of the land.

ID.—RECITALS IN DEED—AMOUNT DUE FOR TAXES AND COSTS—EFFECT OF RECITALS AS EVIDENCE.—There is nothing in the taxation law that requires the deed from the tax-collector to the state to recite the amount due for taxes, costs, and charges or that warrants the court in accepting such a recital in the deed as evidence of the amount due. The law nowhere provides either expressly or by implication, that such deed to the state should be even *prima facie* evidence of all the facts recited therein.

ID.—RECITALS OF MATTERS NOT REQUIRED BY REVENUE LAWS.—As to the matters expressly required to be recited in such deed by sections 3785 and 3786 of the Political Code, the recitals constitute at least *prima facie* evidence; as to other matters that may be recited therein the deed furnishes no evidence of the truth of the recitals.

ID.—CERTIFICATE OF SALE—RECITAL OF AMOUNT AND YEAR OF ASSESS-MENT.—The provision of section 3776 of the Political Code requir-ing the certificate of sale to state "the amount and year of the assessment" cannot reasonably be construed as requiring it to recite the amount of taxes, or taxes and costs and charges due at the time of the sale. That requirement is the same as the requirement of section 3785 of that code, that the deed shall give "the assessed value and year of the assessment," and does not refer to the amount of tax, or taxes, costs, etc., due.

ID.—RECITAL OF AMOUNT DUE FOR TAXES AND COSTS—INVALIDITY OF DEED.—The invalidity of a deed to the state for delinquent taxes, on the ground that the land was sold for an amount in excess of the actual amount due on account of taxes, costs, etc., cannot be predi-cated solely upon a recital as to the amount due in the deed.

ID.—DESCRIPTION IN ASSESSMENT—UNCERTAINTY CURED BY EVIDENCE OF IDENTIFICATION.—Standing alone and unaided by other evidence, a description of land in an assessment and in all the tax pro-ceedings, as "In the city of Los Angeles, Main Street Tract, Lot 3, Block A," is insufficient for uncertainty. Such description may be aided and the land intended to be assessed sufficiently identified by uncontradicted evidence that there was in that city only one tract of land known and designated as the Main Street Tract, a map of which was on record in the recorder's office, and that lot 3, block A, was clearly marked and designated thereon.

ID.—SALE BY STATE—MAILING NOTICE TO PERSON LAST ASSESSED—POST-OFFICE ADDRESS NOT KNOWN TO TAX-COLLECTOR—RECITALS IN DEED—PRESUMPTION.—Where a deed from the state for land ac-quired by it for delinquent taxes recites that the address of the person to whom the property was last assessed was unknown, and that a copy of the notice of sale by the state was not mailed to him, it must be assumed, in accordance with the presumption of the due performance of official duty, if no address is given on any assess-ment, and in the absence of evidence to the contrary, that the

address of such person was not known to the tax-collector, and that consequently the mailing of such a notice was not required under section 3897 of the Political Code.

ID.—LONG RESIDENCE OF PERSON ASSESSED AT SAME LOCATION.—The mere fact that such person had in fact resided for a number of years at a certain locality in the city in which the land assessed was situated would not be sufficient to overcome the force of this presumption.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Walter J. Horgan, and C. A. Stice, for Appellant.

Hester, Merrill & Craig, for Respondent.

ANGELLOTTI, J., This is an appeal from a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, in an action brought by plaintiff to quiet his alleged title to a lot of land in the city of Los Angeles, being lot 3 in block A, of the "Main Street Tract," in said city. The answer denied plaintiff's claim of ownership and also denied that defendant's claim to said property is without right. The trial court found that plaintiff was not the owner of said property. The question presented by this appeal is whether the evidence is sufficient to support such finding. There is no conflict in the evidence given on the trial.

Plaintiff's claim is based entirely on an attempted sale of said property by the state to him on June 10, 1908, on account of non-payment of state and county taxes thereon for the year 1898. It is claimed that plaintiff acquired no title thereunder for three reasons, which will be considered in the order in which they are stated in defendant's brief.

1. It is claimed that the deed of the property to the state made July 2, 1904, under the provisions of section 3785 of the Political Code, is void, because the sale to the state for the delinquent taxes of 1898, made July 1, 1899, upon which sale such deed was based, was thereby shown to be for a larger amount than the legal charges then existing against the property.

It may be assumed for all the purposes of this decision that proof that the specific amount for which the land was declared by the deed to be sold to the state was twenty cents in excess of the taxes and costs actually due on the property would invalidate the sale. In the face of the deeds, that by the tax-collector to the state and that from the state to plaintiff, the burden of proof was on defendant, however, to establish this fact, unless such deeds themselves furnished the evidence thereof. The deed from the state to plaintiff did not recite anything inconsistent with the conclusion that the amount for which the property was declared to be sold to the state of California, viz., ninety-two cents, was the exact amount then due for taxes, costs, and charges. The only evidence relied upon by defendant in this connection consists of certain recitals in the deed to the state, together with proof that the first installment of the tax for the year 1898 was, in fact, paid. The record furnishes no other evidence throwing any light upon the question of the amount of tax, costs, and charges remaining unpaid. The deed to the state did contain recitals to the effect that the amount of the tax levied on the property for the year 1898 was forty cents, that such amount was segregated into two installments in accordance with law, viz., one half or twenty cents each, that the costs and charges which have since accrued amount to two cents, and that the second installment only had not been paid. This would show only twenty-two cents still due for taxes and costs, with the further sum of fifty cents chargeable under section 3770 of the Political Code, making in all seventy-two cents, while the deed recites that the property was sold to the state for the amount of ninety-two cents, which would be twenty cents too much. But we find nothing in the law that warrants a court in accepting these recitals as to the amount of taxes, costs, and charges due as evidence of the amount due. It was nowhere provided either expressly or by implication that such deed to the state should be even *prima facie* evidence of all the facts recited therein. The law expressly required the recital of certain specified matters in such deed (Pol. Code, secs. 3785 and 3786), and as to such matters, of course, the recitals constituted at least *prima facie* evidence of the facts stated therein. There was nothing in the law giving such effect to any other recital. The deed itself, containing the necessary re-

citals, was expressly made primary evidence of certain things and conclusive evidence of other things (Pol. Code, secs. 3786 and 3787)', but there was nothing effectual to make recitals as to matters not required to be stated in the deed evidence of the truth of such recitals. The law practically prescribed the form of the tax-collector's deed to the state, so far as recitals are concerned, and by its enumeration of the things that should be recited rendered attempted recitals as to all other matters superfluous and ineffectual for any purpose. A consideration of the requirements of the law as to the recitals to be made in such a deed forces us to the conclusion that it was nowhere required that the amount of taxes due, or taxes, costs, and charges due, should be stated in such a deed. Section 3785 of the Political Code required that the deed should recite (a) the name of the person assessed (when known), (b) the date of sale, (c) a description of the land sold, (d)' the amount for which it was sold, (e) that it was sold for delinquent taxes, giving the assessed value and the year of assessment, (f) the time when the right of redemption had expired, (g) and that no person has redeemed the property within the time allowed by law for its redemption. Obviously there was nothing herein to require a recital of the amount actually due on account of taxes, costs, and charges. Section 3786 of the Political Code, provided that "the matters recited in the certificate of sale must be recited in the deed." As it stood from the time when the system of selling to the state all property delinquent for taxes was inaugurated, section 3776 of the Political Code provided that the certificate of sale must be dated on the day of sale and must state, (a) when known, the name of the person assessed, (b) a description of the land sold, (c) that it was sold for delinquent taxes to the state, (d) *"the amount and year of the assessment,"* (e) and when the state will be entitled to a deed. Up to the year 1911, section 3785 of the Political Code was a more recently enacted statute than section 3786 of the Political Code which had never been amended since its original enactment in 1872, and it may well be argued that the amendment of section 3785 making the section state what the deed to the state shall contain took the place of section 3786 in so far as that section required the deed to recite the matters recited in the certificate

of sale. Be that as it may, we do not think section 3776 of the Political Code can reasonably be construed as requiring the certificate of sale to recite the amount of taxes, or taxes and costs and charges due at the time of the sale. The only portion of the section upon which the pretense of a claim to that effect can be based is the portion requiring the certificate to state "the amount and year of the assessment." The word "assessment" is used throughout our revenue law as meaning something entirely different from "tax," and where the tax is referred to it is referred to as "tax" or "taxes." Giving to the word the meaning it clearly has throughout our revenue law, the requirement that the certificate shall state "the amount and the year of the assessment" is the same as the requirement of section 3785 of the Political Code, that the deed shall give "the assessed value and the year of assessment," and does not refer to the amount of tax, or tax, costs, etc., due. This was expressly held by the district court of appeal for the first district in *Griggs* v. *Hartzoke,* 13 Cal. App. 429, 433, [109 Pac. 1104], in which case a petition to have the cause heard here after decision by such court was denied by this court. It follows that there was not evidence before the trial court to support a conclusion that the land was declared by the deed to be sold to the state for an amount in excess of the actual amount due on account of taxes, costs, etc.

2. It is claimed that the description of the land upon the assessment-roll, in the deeds and in all the tax proceedings, was insufficient for want of certainty. The description throughout the proceedings was as follows: "In the city of Los Angeles, Main Street Tract, Lot 3, Block A." In regard to this claim the district court of appeal for the second district said, in deciding this case:

"Standing alone and unaided by other evidence, this description is concededly insufficient. (*Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352]; *Miller* v. *Williams,* 135 Cal. 183, [67 Pac. 788]; *Best* v. *Wohlford,* 144 Cal. 733, [78 Pac. 293].) Notwithstanding this *prima facie* insufficiency in description, plaintiff, in aid of the same and for the purpose of showing that the description was in fact sufficient, offered in evidence, without objection, a map recorded in book 30, page 41, Miscellaneous Records of the Recorder's Office of the County of Los Angeles, which map had indorsed thereon the following:

'Map of the Main St. Tract, being the east ½ of the southwest ¼ of the southeast ¼ of section 7, T. 2 S. R. 13 W. S. B. M. Surveyed by Jno. Goldsworthy, County Surveyor, 1888. Scale, 100 ft, to 1 in. Variation, 14° 50′ east.' Delineated upon this map are lots, blocks, and streets, together with the lines and dimensions thereof. Lot 3 of block A is clearly delineated thereon as being a lot with a specified width and depth fronting on Main Street. This was followed by the uncontradicted evidence of the county recorder to the effect that this was the only map in his office of any tract of land in the city of Los Angeles and designated and known as the 'Main Street Tract.' Inasmuch as the lot was described as being in the Main Street Tract in the city of Los Angeles, and it being made to appear that there is in said city only one tract so known and designated, map of which is of record in the county recorder's office, and that lot 3, block A, is clearly marked and designated thereon, it must follow that, aided by such evidence, the description contained in the assessment offered sufficient means for the identification of the property.

"It is true that defendant offered in evidence another map entitled 'Main Street Tract' shown to be recorded in book 21, page 7, Miscellaneous Records of the Recorder's Office of Los Angeles County, but since it was shown by the uncontradicted evidence of the county recorder that the map so designated and recorded in book 30, page 41, Miscellaneous Records, was the only map or subdivision of lands situated in the city of Los Angeles, it must necessarily follow that the map so offered by defendant and recorded in book 21, page 7, was a plat and subdivision of lands outside the city, to which the assessment, since it described the lot as situated within the city, could have no reference."

We are satisfied with this statement and adopt the same as a part of this opinion. It may properly be said that there is no pretense in this case that the Main Street Tract shown by the map recorded in book 21, page 7, is located within the city of Los Angeles, and there is nothing about the map itself to so suggest. In view of the evidence introduced on the trial, evidence sanctioned by the decisions cited by the district court of appeal, in the foregoing quotation, the description of the land was certain and definite and sufficient to answer all the requirements of the law.

3. It is claimed that the requirement of section 3897 of the Political Code, as to the mailing of a copy of the notice of the sale by the state to the party to whom the land was last assessed next before the sale, at his last known post-office address, was not complied with, and that the attempted sale by the state to plaintiff must therefore he held ineffectual in accord with the rule declared in *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527].

No copy of such notice was mailed to any person, the deed of the state reciting substantially that the address of such party being unknown, a copy of such notice was not mailed, and the deputy tax-collector having charge of such matters testifying that no notice of such sale was at any time sent or mailed to the owner of the property or to the person to whom the same was last assessed. It was shown that the last assessment of the property was that for the year 1904, and that the property was then assessed to "Mary B. Scott," the same person to whom under the name "May B. Scott," it was assessed for the year 1898. Said Mary B. Scott, who was sometimes called "May B. Scott," had at all times since before the year 1897 resided at No. 687 Burlington Avenue in the city of Los Angeles. The assessment for the year 1898 did not show her address as required "if known" by subdivision 1 of section 3650 of the Political Code, and it was not made to appear that any subsequent assessment showed any address, or that any address could be ascertained from any of the tax records. If no address is given on any assessment, in the absence of evidence to the contrary it must be assumed, in accord with the presumption of law that official duty has been regularly performed (Code Civ. Proc., sec. 1963, subd. 15), that the address of the person assessed was not known to the assessing officer. The mere fact that such person had in fact resided at a certain place in the city of Los Angeles for a number of years would not be sufficient to overcome the force of this presumption. By section 3898 of the Political Code, the recitals in the deed from the state to the purchaser are made *"prima facie* evidence of all facts recited therein," and there is absolutely nothing in the evidence given on the trial to overcome the effect of the recital in such deed, which was substantially and practically that there was no "last known post-office address." As was substantially said by the district

court of appeal, the law does not contemplate the performance of impossibilities, and where there is no known post-office address such fact is sufficient excuse for the failure to mail a notice, and the deed from the state will not be invalidated by reason of such failure.

It is not essential to a decision on this appeal to determine whether evidence *aliunde* the tax records is competent for the purpose of showing that there was in fact a post-office address known to the tax-collector, or which with the exercise of reasonable diligence would have been known to him, and as that question has not been fully argued, we deem it advisable not to consider it at this time.

Referring again to the first point discussed in this opinion, if on a new trial it is shown by the evidence that the amount for which the property was in fact sold to the state, viz: the amount of tax, penalties, costs, and charges, then due, was less than the amount stated in the deed to the state as the consideration for said sale to the state, the question will then be presented of the effect of a failure to recite correctly in the deed a matter expressly required to be recited therein by the law then in force.

What we have said disposes of all the points made by defendant in support of the judgment.

The judgment and order denying a new trial are reversed.

Sloss, J., Shaw, J., Henshaw, J., and Melvin, J., concurred.

Rehearing denied.