[L. A. No. 2888.   Department One.—June 10, 1912.]

## HENRY KROTZER, Appellant, v. IRVIN DOUGLAS et al., Respondents.

TAXATION—SALE BY STATE—MAILING NOTICE OF SALE TO ADDRESS OF PERSON ASSESSED.—Under section 3897 of the Political Code, it is essential to the validity of a sale by the state of real property acquired by it for delinquent taxes that the tax-collector should mail a copy of the notice of sale to the party to whom the land was last assessed next before the sale, at his last known post-office address.

ID.—DEED FROM STATE AS EVIDENCE OF REGULARITY OF TAX PROCEEDINGS.—The making of the deed from the state to the purchaser is not conclusive evidence of the regularity of antecedent steps. In this respect the code makes a distinction between deeds *to* the state (Pol. Code, sec. 3787), and deeds *from* the state. (Pol. Code, sec. 3898.) The latter kind of deed is only *prima facie* evidence of the facts recited therein.

ID.—MAILING NOTICE TO WRONG ADDRESS.—The mailing of a notice to the party last assessed to an address other than that designated by the statute is no better than a want of any mailing, at least where the notice did not in fact reach the person to whom it should have been sent.

CLXIII Cal.—4

ID.—RECITALS IN DEED—EVIDENCE SHOWING MAILING TO CORRECT AD-
DRESS—BURDEN OF PROOF.—Where the deed from the state merely
recites that the tax-collector mailed a copy of the notice to the
party to whom the land was last assessed, without any recital that
it was mailed to his last known post-office address, or that it was
addressed in any manner, the question of compliance with the
requirement of mailing to the correct address must be determined
by the evidence outside of the deed, and the burden of proof, in
the absence of a recital, is on the party claiming under the deed.

ID.—ABSENCE OF NOTICE—WANT OF KNOWLEDGE OF ADDRESS BY TAX-
COLLECTOR.—Where no notice has been mailed, and there is nothing
in the tax records to show an address, the tax-collector is not re-
quired to make search *aliunde,* and his deed, reciting that there was
no known post-office address, cannot be overcome by evidence tend-
ing to show merely that the person assessed did in fact reside at
a certain place; nor is the tax-collector bound to take notice of
an address which appears only on assessment-rolls of years prior
to that for which the sale to the state was made.

ID.—INADVERTENT MAILING TO WRONG ADDRESS.—In the present case,
the evidence is held sufficient to justify the trial court in concluding
that the tax-collector, through an inspection of the index to the
assessment-rolls, had ascertained the address of the delinquent tax-
payer, but had through some unexplained mistake or inadvertence,
mailed the notice to a wrong address.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Charles Monroe, Judge.

The facts are stated in the opinion of the court.

C. A. Stice, for Appellant.

Carter, Kirby & Henderson, for Respondents.

SLOSS, J.—Action to quiet title. The plaintiff relied upon
a tax deed. It was admitted that the defendant Douglas,
except in so far as his title may have been divested by the
proceedings culminating in such deed, was the owner of the
land. The court gave judgment in favor of said defendant,
upon his paying to the clerk of the court, for the use of the
plaintiff, the amount of taxes, penalties, interest, and costs
against the property on the day of sale by the state to plain-
tiff. The plaintiff appeals from the judgment and from an
order denying his motion for a new trial.

The property was sold to the state for nonpayment of taxes assessed for the year 1903. The deed from the tax-collector, as agent of the state, to the plaintiff, bore date of the seventh day of June, 1910. The defendant made several objections to the validity of the proceedings culminating in this deed. The findings are to the effect that the defendant is the owner in fee of the property and that plaintiff has no right, title, or interest therein. These findings, and the consequent judgment, must be upheld if any of the points made by defendant against the validity of the attempted sale to plaintiff be good.

One of these points is that the sale by the state was void for failure on the part of the tax-collector to mail a copy of the notice of sale "to the party to whom the land was last assessed next before the sale, at his last known post-office address," as required by section 3897 of the Political Code. That compliance with this requirement is essential to the authority of the tax-collector to make the sale is no longer open to question. (*Smith* v. *Furlong*, 160 Cal. 522, [117 Pac. 527]; *Buck* v. *Canty*, 162 Cal. 226, [121 Pac. 924]; *Johnson* v. *Canty*, 162 Cal. 391, [123 Pac. 263].) The making of the deed is not conclusive evidence of the regularity of antecedent steps. (*Smith* v. *Furlong*, 160 Cal. 522, [117 Pac. 527].) In this respect the code makes a distinction between deeds *to* the state (Pol. Code, sec. 3787) and deeds *from* the state (Pol. Code, sec. 3898.) The provision regarding the latter is merely that the deed shall be *prima facie* evidence of the facts recited therein.

The respondent's position here is that, while a notice was mailed to the party last assessed, it was not mailed to him "at his last known post-office address." In *Smith* v. *Furlong*, 160 Cal. 522, [117 Pac. 527], there was no mailing at all, although the address was known. But clearly a mailing to an address other than that designated by the statute is no better than a want of any mailing, at least where it appears, as it does here, that the notice did not in fact reach the person to whom it should have been sent.

The deed from the state recites merely that the tax-collector did mail a copy of the notice to the party to whom the land was last assessed. There is no recital that it was mailed to his last known post-office address, or that it was addressed

in any manner. Since, as we have seen, the effect of the deed as *prima facie* evidence is limited to the facts recited, the question of compliance with the requirement of mailing to the correct address must be determined by the evidence outside of the deed, and the burden of proof, in the absence of a recital, is on the party claiming under the deeds. (*Buck v. Canty,* 162 Cal. 226, [121 Pac. 924].)

Thomas Watson, a deputy of the tax-collector, testified that he had mailed by registered mail a copy of the notice to Peter Robinson, 1747 New Hampshire Street, Los Angeles, California; that said notice was returned to the tax-collector, uncalled for and undelivered. He further testified that he had "sent the notice to the person last assessed to his last known place of residence"; but the witness was unable to say how he obtained the address. He believed he obtained it from the assessment-roll, but might have obtained it from a city directory or telephone book, or by inquiring from friends of the said Peter Robinson.

On the other hand, the defendant offered in evidence the assessment-rolls for the years 1908 and 1909, together with the index to each. The name of Peter Robinson was shown on each of said four volumes, and the property herein involved stood on said assessment-rolls in the name of said Peter Robinson; but no address of said Peter Robinson was found in any of the said volumes, in the place where his name appeared, except on the index to the assessment-roll for the year 1908; and thereon the address of Peter Robinson was given as "Rivera." There was testimony, given by the witness Watson, that the indices to the assessment-rolls were in the tax-collector's office, together with said rolls for each year, while the tax-collector was collecting taxes; and that in searching for the last known post-office address of the person to whom the land was last assessed next before the sale by the state, he looked at the assessment-rolls for the year for which the property was sold and all subsequent years, and also in the indices to said rolls, which are in the county auditor's office.

We are satisfied that this evidence warranted the court in making the finding which must be implied from the general finding in favor of the defendant's ownership, that the notice had not been mailed to Robinson "at his last known post-

office address.'' There was no attempt here to excuse the
want of mailing on the ground that the address was not
known. On the contrary, a notice having been mailed, the
claim necessarily was that the address was known, and that
the mailing was to such address. It is true that, where no
notice has been mailed, and there is nothing in the tax records
to show an address, the tax-collector is not required to make
search *aliunde,* and his deed, reciting that there was no known
post-office address, will not be overcome by evidence tending
to show merely that the person assessed did in fact reside
in a certain place. (*Campbell* v. *Shafer,* 162 Cal. 206, [121
Pac. 737].) So, too, it has been held that the tax-collector
is not bound to take notice of an address which appears only
on assessment-rolls of years prior to that for which the sale
to the state was made. (*Kehlet* v. *Bergman,* 162 Cal. 217,
[121 Pac. 918].)

Such of the cases above cited as deal with the question of
notice imputed to the tax-collector by the tax records go no
further than to hold that he is bound to take notice of an
address appearing on the assessment-roll itelf. Section 3650
of the Political Code requires that the address, if known,
shall be entered on such roll. There is no provision of the
kind with reference to the index. (Section 3651.) In this
case the address ''Rivera'' appeared only on the index, and
not on the assessment. If the tax-collector had failed to mail
a notice, and had made a deed reciting that the address was
unknown, we should hardly be inclined to hold that the effect
of the recital was overcome by the mere fact that the index,
which is not required to contain an address, did in fact con-
tain one. But that is not the case presented. Here the
plaintiff, who, as we have seen, was required to show the ex-
istence of facts authorizing the execution of the deed, under-
took to prove, not that the notice had not been sent because
the address was unknown, but that the tax-collector, know-
ing the address, had correctly mailed notice. Even though
the officer was not bound to know the address entered in the
index, we have the testimony of Watson that he did, in fact,
examine the indices including the one which showed the ad-
dress ''Rivera.'' There was nothing in the records to indi-
cate the address to which the notice was in fact sent. On
this evidence, the court below was fully justified in conclud-

ing that Watson had, through an inspection of the index, ascertained that the delinquent taxpayer's address was "Rivera," but had, through some unexplained mistake or inadvertence, mailed the notice to "1747 New Hampshire Street," which, so far as the evidence goes to show, was not the correct address. Judgment in favor of the defendant properly followed.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Angellotti, J., concurred.