[L. A. No. 3136. Department One.—May 5, 1913.]

M. M. DAVIS, Appellant, v. ALICE J. PECK, Defendant and Respondent; JAMES WALLACE et al., Defendants.

TAXATION—SALE OF LAND BY STATE—MAILING NOTICE OF SALE TO PERSON LAST ASSESSED.—Under section 3897 of the Political Code, it is essential to the validity of a sale by the state of land which has been sold to it for delinquent taxes, that the tax-collector mail a copy of the notice of sale, postage thereon prepaid and registered, to the party to whom the land was last assessed next before the sale, at his last post-office address, unless the last post-office address is unknown.

ID.—INSUFFICIENT RECITAL OF MAILING.—A recital in the tax-collector's deed from the state, that he "did mail a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before such sale," is not a recital either that the notice had been mailed to such party "at his last known post-office address," nor of the fact that no post-office address was known, which would excuse the want of mailing.

CLXV Cal.—23

ID.—ABSENCE OF EVIDENCE ALIUNDE TO SHOW OR TO EXCUSE MAILING NOTICE.—If the giving of a notice by mailing, or the fact that such notice was excused because no post-office address was known, may be shown by evidence *aliunde,* the burden of proof is on the party claiming under such deed to show it. In the absence of such evidence, the party claiming under the deed does not establish title.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, and Fay R. Robertson, for Appellant.

Carter, Kirby & Henderson, for Respondent.

SLOSS, J.—This action was brought to quiet plaintiff's title to four lots of land in the county of Los Angeles. The defendant, M. F. Brady, substituted in place of Alice J. Peck, one of the original defendants, answered, asserting ownership of lot 30, block 72, of the town of Burbank, one of the four lots described in the complaint. The court found that the defendant Brady was the owner of said lot, and that plaintiff had no right, title, or interest therein. A judgment in favor of said defendant, quieting her title to the lot, followed. Plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The evidence showed that the respondent was the owner of the lot unless her title was divested by tax proceedings culminating in a deed from the state to the plaintiff's predecessor. The plaintiff offered in evidence a deed, dated July 2, 1898, whereby the tax-collector of the county of Los Angeles undertook to convey the lot to the state after default in the payment of taxes for the year 1902, and a deed, dated June 10, 1909, from the tax-collector purporting to convey the lot to T. A. Davis as purchaser from the state. There was no evidence, outside of the deeds themselves, to support the validity of the tax proceedings.

The respondent argues various grounds to sustain the conclusion of the court below that the proceedings were not such

as to transfer respondent's title to appellant. It will not be necessary to consider more than one of these grounds.

Section 3897 of the Political Code provides that, before selling property which has been sold to the state for taxes, the tax-collector shall give a notice of sale by publication, and shall "mail a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before the sale, at his last known post-office address." Compliance with the requirement of mailing, unless the last post-office address is unknown, is essential to the validity of a sale by the state under section 3897. (*Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527]; *Buck* v. *Canty,* 162 Cal. 226, [121 Pac. 924]; *Krotzer* v. *Douglas,* 163 Cal. 49, [124 Pac. 722].)

By the terms of section 3898 the tax-collector's deed is required to recite "the facts necessary to authorize such sale and conveyance," and the deed "shall be *prima facie* evidence of all facts recited therein."

The deed here in question contained merely this recital: "And whereas, on the 19th day of May, 1909, W. O. Welch, tax-collector as aforesaid, did mail a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before such sale." This was not a recital, either that the notice had been mailed to such party "at his last known post-office address," which, as we have seen, is the mailing required by the law (*Krotzer* v. *Douglas,* 163 Cal. 49, [124 Pac. 722]), nor was it a recital of the fact (i. e., that no post-office address was known) which would excuse the want of mailing. We need not consider whether a deed, containing this defective recital is void for failure to comply with the provision of section 3898 that the deed shall "recite the facts necessary to authorize such sale and conveyance." If the giving of notice by mailing, or the fact that such notice was excused because no post-office address was known, may be shown by evidence *aliunde,* the burden of proof is on the party claiming under a deed which does not contain the recital. (*Buck* v. *Canty,* 162 Cal. 226, [121 Pac. 924]; *Krotzer* v. *Douglas,* 163 Cal. 49, [124 Pac. 722].) That burden was not sustained by the plaintiff in this case. As already stated, he offered no evidence on the point in addition to the deed itself. Under these circum-

stances, the finding of the court that he had no interest in the property was fully sustained, and all other points argued become immaterial.

The judgment and the order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.