[Sac. No. 2124.   Department One.—January 5, 1915.]

MAX STRAUSS, Respondent, v. D. J. CANTY, Appellant.

QUIETING TITLE—TITLE ACQUIRED UNDER EXECUTION SALE—EVIDENCE.— In an action to quiet title, in which the plaintiff claimed title under an execution sale of the land in pursuance of a judgment against a prior owner, evidence consisting of the judgment, the execution, with the sheriff's return showing the sale and the affidavit showing due publication of notice of sale, and the sheriff's deed in proper form, is sufficient to show the acquisition by the plaintiff of the prior owner's title.

TAXATION—SALE BY STATE OF LAND ACQUIRED FOR DELINQUENT TAXES— NOTICE OF SALE—NECESSITY OF MAILING TO PARTY LAST ASSESSED. The requirement of section 3897 of the Political Code as amended, that a copy of the notice of sale by the state of property which had been sold to it for nonpayment of taxes should be mailed to the party to whom the land was last assessed at his last known post-office address, applies to sales had after the amended section went

into effect, even though the publication of notice had been commenced before such mailing was essential. Such mailing was one of the facts neccesary to authorize the tax-collector to make the sale.

ID.—DEED FROM STATE—ABSENCE OF RECITAL OF MAILING OF NOTICE.— A deed from the state, for land sold after the amended section took effect, which failed to recite the mailing of notice, was not the deed provided for by section 3898 of the Political Code, which required the tax-collector's deed to "recite the facts necessary to authorize such sale and conveyance."

ID.—PROOF OF MAILING NOTICE—BURDEN ON PARTY CLAIMING UNDER DEED—TITLE NOT ACQUIRED UNDER TAX PROCEEDINGS.—If compliance with the requirement of mailing could be shown, although not recited, by a party claiming under the deed from the state, the burden of proof is on him to do so, and in the absence of such showing, he could not be held to have acquired title by virtue of the tax proceedings.

QUIETING TITLE—STATUTE OF LIMITATIONS—TITLE BY PRESCRIPTION— PRESUMPTION THAT POSSESSION FOLLOWS LEGAL TITLE—ADVERSE POSSESSION.—In an action to quiet title, in which pleas of the statute of limitations and of prescriptive title are  set up, the plaintiff, having shown title in himself, is presumed to have been in possession within the time required by law, and the presumption can be overcome only by proof that the property had been held and possessed adversely to the legal title for five years before the commencement of the action. The plea of the statute of limitations would, therefore, not be sustained unless the defendant showed adverse possession for the same period necessary to the acquisition of a prescriptive title.

ID.—ADVERSE POSSESSION OF GRAZING LAND—INSUFFICIENT EVIDENCE TO ESTABLISH PRESCRIPTIVE TITLE.—In an action to quiet title, commenced in August, 1910, a finding against the acquisition of a title by adverse possession is sustained, where the defendant's testimony showed that he went on the land in May, 1905, measured it off, and placed stakes at the corners, being on the land at that time during parts of two days; that sometime between September and November, 1905, he rented it for the purpose of feeding sheep, and similarly rented it during the succeeding years up to 1912, receiving a total rental of about fifty dollars for five years, and saw sheep feeding on the land several times; and that he gave no written lease but merely charged and collected money "for the feed of the sheep on the land."

ID.—NECESSITY OF EXCLUSIVE POSSESSION—INCLOSURE OF GRAZING LAND UNNECESSARY.—While adverse possession of grazing land, sufficient to satisfy the statute, may be maintained by using the land for pasture during the grazing season, even though there be no inclosure, the possession must be of an exclusive character.

APPEAL from a judgment of the Superior Court of Kings County and from an order refusing a new trial. John G. Covert, Judge.

The facts are stated in the opinion of the court.

Royle A. Carter, for Appellant.

Samuel M. Samter, and Frank Kauke, for Respondent.

SLOSS, J.—The defendant appeals from a judgment quieting plaintiff's title to a tract of land in Kings County. He also appeals from an order denying his motion for a new trial.

The plaintiff claims as successor in interest of Arney L. Weddle, to whom the land was granted by a United States patent on March 7, 1892. The defendant claims under a tax-deed, and also relies upon a title by prescription and the statute of limitations.

The plaintiff showed a good deraignment of title from Weddle. The record contains reference to a deed from Lucinda E. Weddle (wife of Arney L.) to Arna L. Weddle. The deed was intended to convey any possible interest of the wife to the husband. Waiving the question of the effect of the mistake in the grantee's name, there is nothing to show that the wife had any interest, and, so far as the proof goes, Arney L. Weddle was the sole owner of the land. Even if it was community property, he had the right to convey it for a valuable consideration. He did convey it to Frederick in 1907 by a deed reciting such consideration. Thereafter the plaintiff obtained a money judgment against Frederick, had execution levied, and purchased the property at the execution sale. The sheriff's deed was executed to the plaintiff on December 12, 1909. The evidence offered by plaintiff in this behalf consisted of the judgment against Frederick, the execution, with the sheriff's return showing the sale and the affidavit showing due publication of notice of sale, and the sheriff's deed in proper form. These papers were sufficient to show the acquisition by plaintiff of Frederick's title. (*Blood* v. *Light*, 38 Cal. 649, [99 Am. Dec. 441]; *Hihn* v. *Peck*, 30 Cal. 280; *Peterson* v. *Weissbein*, 75 Cal. 174, [16 Pac. 769].)

The land was sold to the state for nonpayment of taxes in 1895. The tax-collector made his deed to the state in 1900. The property was offered for sale and sold to the defendant on May 5, 1905, and a deed was thereafter executed. At the time of the sale section 3897 of the Political Code had been amended by adding certain requirements regarding the notice of sale by the state of property which had been sold to it for nonpayment of taxes. One of these requirements was that a copy of the notice should be mailed to the party to whom the land was last assessed at his last-known post-office address. By the terms of section 3898 the deed of the tax-collector was required to "recite the fact necessary to authorize such sale and conveyance." This requirement of mailing notice applied to sales had after the amended section went into effect, even though, as here, the publication of notice had been commenced before such mailing was essential. (*Buck* v. *Canty,* 162 Cal. 226, [121 Pac. 924].) Such mailing was one of the facts necessary to authorize the tax-collector to make the sale. (*Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527].) The deed in this case did not recite the mailing of notice. It was not, therefore, the deed provided for by section 3898. (*Canty* v. *Staley,* 162 Cal. 379, [123 Pac. 252].) But, if compliance with the requirement of mailing could be shown, although not recited, the burden of proof is on the party claiming under the deed (*Buck* v. *Canty,* 162 Cal. 226, [121 Pac. 924]; *Krotzer* v. *Douglas,* 163 Cal. 49, [124 Pac. 722]; *Davis* v. *Peck,* 165 Cal. 353, [132 Pac. 438]), and, as this burden was not sustained by the defendant, the court rightly ruled that he had not acquired title by virtue of the tax proceedings.

The questions arising on the pleas of the statute of limitations and of prescriptive title may be considered together. Plaintiff having shown title in himself, he was presumed to have been in possession within the time required by law, and the presumption could be overcome only by proof that the property had been held and possessed adversely to the legal title for five years before the commencement of the action. (Code Civ. Proc., sec. 321; *Nathan* v. *Dierssen,* 146 Cal. 62, [79 Pac. 739].) The plea of the statute of limitations would, therefore, not be sustained unless the defendant showed adverse possession for the same period necessary to the acquisition of a prescriptive title. The court found against de-

fendant's allegations in this regard. We think this finding is amply supported by the evidence. The defendant testified that in May, 1905, he went on the land, measured it off, and placed stakes at the corners. He was on the land at that time during parts of two days. In the fall of 1905 he rented it for the purpose of feeding sheep. He rented it similarly during the succeeding years up to 1912, receiving a total rental of about fifty dollars for five years. He saw sheep feeding on the land several times. His testimony was somewhat qualified by the later statement that he gave no written lease, but merely charged and collected money "for the feed of the sheep on the land." The first transaction of this kind was between September and November, 1905. The action was commenced in August, 1910.

The court was entirely justified in concluding that the defendant had not proven an exclusive and continuous possession sufficient to satisfy the statute. While possession may be maintained by using the land for pasture during the grazing season (*Webber* v. *Clarke*, 74 Cal. 11, [15 Pac. 431]), even though there be no inclosure (*Bullock* v. *Rouse*, 81 Cal. 595, [22 Pac. 919]), the possession must be of an exclusive character. The proof here was silent on the question of occupancy by others and was entirely consistent with the view that the possession of those holding under Canty was casual and intermittent. Besides, this possession, such as it was, began in the fall of 1905, less than five years before the commencement of the action. It was not unreasonable for the court to conclude that the formal act of marking corners in May, 1905, if it was a taking of possession, was not connected with the later renting of the feeding rights so as to make the possession continuous between May, 1905, and the autumn of the same year.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Angellotti, C. J., concurred.