[L. A. No. 3960. In Bank.—December 31, 1917.]

## GEORGE W. CROUCH et al., Respondents, v. SEVELIN E. SHAFER et al., Appellants.

JUDGMENT—COLLATERAL ATTACK—SHERIFF'S DEED ON JUDGMENT BY DE-FAULT.—In an action to quiet title in which plaintiff's title rested on a sheriff's deed on a judgment by default on the foreclosure of a street assessment lien, against the owner of the record title, who was the predecessor of one of the defendants and appellants, and such owner having been impleaded and served as a party, and the court having had jurisdiction of his person and the subject matter of the action, such judgment is neither void nor invalid upon its face and cannot be made the subject of a collateral attack.

TAXATION—SALE OF PROPERTY AFTER SALE TO STATE.—Under section 3897 of the Political Code, which, in 1907, required the tax collector, on selling property which had been previously sold to the state for taxes, to give notice of the sale by publication, or if there was no newspaper published in the county, then by posting in three conspicuous places "in addition to a notice conspicuously posted on the land," for the period of three weeks, the notice to be kept conspicuously posted on the land was required only when the method of notice by posting was adopted.

ID.—FAILURE TO MAIL NOTICE—EVIDENCE OF POSTOFFICE ADDRESS.—Under section 3897 of the Political Code, requiring the tax collector on making a sale of property which had been previously sold to the state to mail a copy of the notice, "prepaid and registered, to the party to whom the land was last assessed . . . at his last known post-office address," and under sections 3650 and 3651, requiring the assessor to prepare an assessment-book and index showing, with other information, "the name and postoffice address, if known, of the person to whom the property is assessed," evidence establishing a residence apart from any knowledge officially chargeable upon the tax collector was inadmissible to establish an illegal failure to mail notice, since it was not the legal duty of the tax collector to resort to any other source of information to learn the address than that given by the assessment-book.

ID.—JUSTIFIABLE FAILURE TO SEND NOTICE BY REGISTERED MAIL.—Under such a statute, where the only address shown on the assessment-book was "687 Burlington Avenue," no city or town being named, and a deputy postmaster of the city where the land was situated testified that his office could not have received the letter for registration, so addressed, the failure of the tax collector to register and mail the

notice, for lack of official knowledge of residence, was justifiable in point of law.

ID.—DEED TO STATE FROM TAX COLLECTOR — RECITALS CONCLUSIVE.— Where a deed from the tax collector to the state for property sold to the state contains sufficient recitals required by law, those recitals are conclusive.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Walter J. Horgan, Sam B. Dannis, and Conner, Heath & Maxwell, for Appellants.

Crouch & Crouch, for Respondents.

U. S. Webb, Attorney-General, *Amicus Curiae.*

HENSHAW, J.—Defendant Shafer held the record title to the real property, ownership of which is here in controversy. Plaintiffs' title rests upon a sheriff's deed made after foreclosure of the lien of a street assessment upon this property, in which action the predecessor in interest of defendant Shafer was impleaded and served as a party defendant, suffered default and an adverse judgment. Defendants Campbell and Smith deraign title through a tax deed from the state antedating the lien of the street assessment.

Appellant Shafer's contentions may be disposed of with brevity. His attack upon plaintiff's title, in which he is joined by his fellow defendants, amounts to but a collateral attack upon a judgment rendered by a court having jurisdiction of the person of the defendant and the subject matter of the action. The judgment is neither void nor invalid upon its face, and such a collateral attack will not be listened to. (*Wood* v. *Jordan,* 125 Cal. 261, [57 Pac. 997]; *Brush* v. *Smith,* 141 Cal. 466, [75 Pac. 55]; *Emery* v. *Kipp,* 154 Cal. 83, [129 Am. St. Rep. 141, 16 Ann. Cas. 792, 19 L. R. A. (N. S.) 983, 97 Pac. 17]; *Crouch* v. *Miller,* 169 Cal. 341, [146 Pac. 880].)

As between plaintiffs and defendants Campbell and Smith, the controversy is over the validity of the tax deed through

which the latter deraign title. The court found with the contentions of the plaintiffs that it was invalid. The principal irregularities amounting to illegalities urged against the validity of the tax deed are two. Section 3897 of the Political Code at the time of the proceedings required the tax collector about to sell the property to "give notice of such sale by first publishing a notice for at least three successive weeks in some newspaper published in the county or city and county, or if there be no newspaper published therein, then by posting a notice in three conspicuous places in the county or city and county, one of which shall be at the United States postoffice nearest the land, in addition to a notice conspicuously posted on the land itself for the same period." Still further, that "it shall be the duty of the tax collector to mail within five days after the publication of said notice of sale a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before the sale, at his last known postoffice address." (Pol. Code, sec. 3897.) The notice in this instance was by publication, but in addition to publication the tax collector did not post a notice conspicuously on the land. *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527], upon which reliance is placed to support the holding that the posting of such notice upon the land is required, even when publication is had, has been misunderstood in this respect. The language quoted and relied upon from page 524 of 160 Cal. [117 Pac. 527], of the decision in *Smith* v. *Furlong,* was not addressed to an analysis of the section touching the requirements of the posting of notices. It was a mere skeletonized summarization of the section, designed only to illustrate the proposition which this court then had under consideration, which was the requirement as to the *mailing* of the notice, and this is clearly established by the context. However inartificial it may be thought that the language of section 3897 is, nevertheless it clearly appears that the notice which is to be kept conspicuously posted upon the land is required only when the method of notice by posting is adopted.

Section 3650 of the Political Code requires that the address, if known, shall be entered on the assessment-roll. In this case it is shown that on the assessment-roll appeared the

name of "Mary B. Scott, 687 Burlington Avenue." Under the index required to be kept by law (section 3651) appeared in reference to the same property, "Mary B. Scott, 687 Burlington Street, L. A." The law does not require the index to show the address. Mary B. Scott was the person to whom the land was last assessed and to whom notice should have been sent, if her address was known to the tax collector. He sent no notice, and the question is whether the information before him was such as to call for the mailing of the notice as matter of law. This consideration is not at all affected by the decision of this court in *Campbell* v. *Shafer,* 162 Cal. 206, [121 Pac. 737], though in that case the same tax title to the same land was involved. These plaintiffs were not parties to that action nor, as manifestly appears from the opinion, were the facts there before this court the same as the admitted facts here presented. In the former case all that was shown as to the residence of the defendant was from evidence resting in parol that Mary B. Scott had in fact resided in Los Angeles for a number of years, and of course evidence establishing a residence apart from any knowledge officially chargeable upon the tax collector will not be permitted to establish an illegal failure to mail the notice. (*Krotzer* v. *Douglas,* 163 Cal. 49, [124 Pac. 722].) Nor yet was it the legal duty of the tax collector to resort to any other source of information to learn this address than that given by the assessment-book. (*Kehlet* v. *Bergman,* 162 Cal. 217, [121 Pac. 918]; *Krotzer* v. *Douglas, supra.*) Our law touching the mailing of these notices is peculiar, in that it requires that the notice mailed shall be registered. It might well be held, without this requirement of registration, that the information contained upon the assessment-book, "Mary B. Scott, 687 Burlington Avenue," made it the duty of the tax collector to send out his notice by mail to that address, whether complete or incomplete, whether or not the mailed notice would reach its destination. But a different element is imported into the case by the requirement of registration, and it is in evidence from the deputy postmaster of Los Angeles that his office would not have received for registration a letter with the address as above indicated, no city or town of destination being thereon given. The unescapable conclusion is that the tax collector could not have registered

and mailed the notice, and his failure to do so for lack of official knowledge of residence was therefore a justifiable failure in point of law.

The further objections of respondents to the deed of the tax collector to the state are without force. The recitals in that deed are made conclusive. (*Krotzer* v. *Douglas, supra.*) Those recitals are sufficient, and respondents' attempts to show certain technical informalities in the recitals are without avail. It follows herefrom that defendant Shafer is without title in that his predecessor in interest, while the owner of the property, was divested of ownership by virtue of the tax deed; second, that the tax deed to defendant from the state was sufficient to vest title of the property in Campbell and his successors in interest; third, that the title by tax deed being good, it admittedly follows that plaintiffs' title, resting upon a sheriff's deed under foreclosure against Shafer, at a time when Campbell held title, is invalid.

Wherefore, the order denying a new trial is affirmed as to appellant Shafer, and reversed as to appellants Campbell and Smith.

Shaw, J., Sloss, J., Victor E. Shaw, J., *pro tem.,* and Angellotti, C. J., concurred.

Rehearing denied.