[Civ. No. 4971. Second Appellate District, Division Two.—April 6, 1928.]

SAMUEL DONIAN, Respondent, v. GEORGE H. DANIELIAN, Appellant.

Charles Lantz, W. P. Hyatt, and F. C. Huber for Appellant.

Bicksler, Smith & Parke for Respondent.

VALENTINE, J., *pro tem.*—This is an appeal from a judgment rendered in an action to recover upon a judgment of the county court of Cook County, Illinois. Appellant, among other things, contends that the demurrer to the complaint should have been sustained because the complaint did not allege that any pleadings had ever been filed on which a judgment could be based, or that the judgment there alleged was supported by any pleading, nor that the

law of Illinois dispensed with such pleading, nor did the complaint allege the issuance or service of any summons.

Section 456 of the Code of Civil Procedure . provides: "In pleading a judgment or other determination of a court, officer, or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading must establish on the trial the facts conferring jurisdiction."

The complaint alleges: "That thereupon such proceedings were had therein in said court; that, on the 16th day of November, 1917, a judgment for the sum of four hundred sixty-three and 75/100 dollars ($463.75) was duly given and made by said court in favor of the plaintiff and against the defendant; and said judgment is now a final judgment, and the same, or any part thereof, has not been paid."

This was a sufficient allegation to state a cause of action under section 456.

Appellant contends that an amendment to the complaint by the interlineation allowed by the court changed the cause of action. The complaint alleged: "That on or about the first day of January, 1917, the plaintiff commenced action in said court"—county court of Cook county, Illinois. The court allowed this date to be changed to the fifth day of December, 1916, by interlineation to conform to the proof. An amendment to conform to the proof may always be made, provided the cause of action is not thereby changed. (*Hancock* v. *Board of Education*, 140 Cal. 554 [74 Pac. 44].) It would seem obvious that the amendment as to when the action was commenced was not such a matter of substance as to change the cause of action. This question of the amendment is further considered in this opinion.

Appellant contends that the cause of action set out in the amended complaint was barred by section 336 of the Code of Civil Procedure, limiting the time within which this action might be brought to five years. It appears from the record that the date of the judgment of the county court of Cook county was November 16, 1917, and that the original complaint in this action was filed November 16, 1922. Excluding the first date and including the last, it appears that this action was brought within the five years. It further appears, from a marginal note on this complaint

made and initialed by the trial judge, that the same was amended, as stated above, on July 8, 1924. Appellant argues that this was equivalent to the filing of an amended complaint on July 8, 1924, setting forth a different cause of action which was barred by the statute. As appears above, the result of the amendment was not to state a new cause of action, and the amendment related back to the filing of the original complaint. As the latter was filed within the five years, the statute of limitations had not run. "If the amendment be one which merely corrects a defective or erroneous pleading of the same cause of action, the amendment will relate back to the filing of the original complaint." (*Redington* v. *Cornwell,* 90 Cal. 49 [27 Pac. 40]; *Union Lumber Co.* v. *J. W. Schonten & Co.,* 25 Cal. App. 80 [142 Pac. 910].)

Respondent contends that it is presumed, in the absence of any showing to the contrary, that the law of Illinois is the same as the law of California as to the time when the judgment became final, and that, applying this rule, the judgment became final on January 8, 1918, and that appellant admits this; but in any event it appears from the record, as stated above, that the complaint in the case at bar was filed within five years from the date the judgment was rendered. It is too well settled to require extended discussion that the court has the authority to permit such an amendment and that unless the amendment changes the cause of action, it relates back to the filing of the original complaint. The cause of action in the case at bar was not barred by the statute of limitations. In the case of *Koch* v. *Wilcoxon,* 30 Cal. App. 517, 520 [158 Pac. 1048], the court says:

"Amendments under our practice are liberally allowed and in the main that matter rests within the discretion of the trial court. Such amendments may be made to a complaint, either during the trial or after the evidence is all in. (*Lee* v. *Murphy,* 119 Cal. 365 [51 Pac. 549, 955]; *Brown* v. *Hurst,* 1 Cal. App. 752 [82 Pac. 1056].) An amendment to conform to the proof may always be made, provided the cause of action is not thereby changed."

See, also, *Lee* v. *Murphy,* 119 Cal. 366, 367 [51 Pac. 549, 955]. The authorities cited by appellant relate to cases

where the cause of action had been changed by the amendment, and do not apply here.

Appellant specifies error on the part of the trial court in granting leave to amend without service of copy or opportunity for defendant to plead thereto, and argues that because defendant only interposed a general demurrer to the first complaint, it *is no reason for assuming that he* would not have desired to and would not have interposed several special demurrers to the amended complaint and pleaded the statute of limitations to the amended complaint. Again, appellant's arguments and authorities cited assume an amendment to the complaint changing the subject matter so as to state a new or different cause of action, which is not the situation in the case at bar. In *Flood* v. *Templeton,* 148 Cal. 374, at page 376 [83 Pac. 148], cited by respondent, the court said:

"There were merely brief amendments by way of interlineations made to the original complaint and those amendments in no way relieved from, nor even affected, the ground of demurrer which had been urged against the pleading. In such cases it is well settled that not only is a new demurrer unnecessary, but that it is not error for the court to refuse, upon application, to permit a new demurrer to be presented. (6 Ency. of Plead. & Prac., p. 381; *Stanton* v. *Kenrick,* 135 Ind. 382 [35 N. E. 19]; *Hawthorne* v. *Siegel,* 88 Cal. 159 [22 Am. St. Rep. 291, 25 Pac. 1114].) Moreover, and finally, it may be said upon this point that the demurrer is a general one, and charges a failure in the complaint to state facts constituting a cause of action; and this may be urged at any time without demurrer. (Code Civ. Proc., sec. 434; *Ryan* v. *Holliday,* 110 Cal. 335 42 Pac. 891].)''

And, in *Stohlman* v. *Martin,* 28 Cal. App. 338, 347 [152 Pac. 319]: "We cannot say that the court was not warranted in allowing the complaint to be amended in the particulars mentioned. Of course, it is a well-established and no uncommon practice to order pleadings to be so amended as to conform to the proofs during the trial of the cause and even after the trial. (Code Civ. Proc., sec. 432; *Daly* v. *Ruddell,* 137 Cal. 671 [70 Pac. 784].)''

In the case at bar the cause of action stated in the original complaint was upon a judgment rendered in the county

court of Cook County, Illinois. The amendment allowed did not in any way affect or change this cause of action; it was merely "a brief amendment by way of interlineation" correcting an error in the statement of the date when the action was begun in accordance with the proof and in no way affected the grounds of demurrer which had been urged against the pleading.

■ Appellant specifies that the court erred in admitting evidence of the statutes of Illinois, creating the county court of Cook County, in which the judgment sued on was rendered, over appellant's objection. On this subject the record discloses the following:

"Thereupon plaintiff quoted and read into evidence, chapter 37, page 198, Illinois Revised Statutes by Cahill, chapter 79, pages 21 and 32, same statute, and sections 187 and 204 of said revised statutes. Defendant objected to the introduction of said statutes on the ground that they are incompetent, irrelevant and immaterial, the court overruled said objection, to which the defendant then and there excepted."

From this it appears that the only objection urged at the trial was that the Illinois revised statutes were incompetent, irrelevant, and immaterial. It is to be especially noted that there was no objection that the *book* offered was incompetent to prove the statutes of Illinois. Appellant now for the first time argues that the volumes from which sections were quoted and read into evidence were compiled by one Cahill and that it was not shown that Cahill was any authority on the subject. This argument we cannot consider here, as the only objection made in the trial court was to the introduction of said statutes on the ground that they (said statutes of Illinois) were incompetent, irrelevant, and immaterial. (*French* v. *Atlas Milling Co.*, 17 Cal. App. 226 [119 Pac. 203].)

■ Respondent argues that the complaint was verified and alleged that the court wherein the judgment was rendered was a court of general jurisdiction, that the defendant answered by saying he had no knowledge or information sufficient to enable him to answer said allegation of plaintiff's complaint and on that ground denied said allegation; and that the law creating said court in which said judgment was rendered is a public record and cannot be put in issue by a denial based on want of information and belief

—citing *Art Metal Const. Co.* v. *A. F. Anderson Co.*, 182 Cal. 29, 33 [186 Pac. 776], *William Wilson & Co.* v. *Trainor*, 27 Cal. App. 43 [148 Pac. 954], *Mulcahy* v. *Buckley*, 100 Cal. 484 [35 Pac. 144], and *Brinkley-Douglas Fruit Co.* v. *Silman*, 33 Cal. App. 643 [166 Pac. 371]. We think there is no merit in this argument of respondent. While the case of *Mulcahy* v. *Buckley*, and some of the others, might justify the application of the rule of accessibility of the record to the pleader, we find no authority justifying the application of the rule to a case of a foreign record or the public record of another state. We recognize that now the court may take judicial cognizance of the laws of a sister state. (Sec. 1875, Code Civ. Proc., subd. 3, as amended, 1927 [Stats. 1927, p. 110].) But this was not the case until long after the present action was appealed.

■ Appellant's contentions that the court erred in refusing to grant a nonsuit and in denying the motion for new trial are not supported by separate argument or authority, being merely submitted on the record and presenting nothing which is not covered by other points disposed of elsewhere in this opinion. We think they do not require further consideration here. (*People* v. *Zarate*, 54 Cal. App. 372, 374 [201 Pac. 955].)

Appellant's contention as to a fatal variance between the allegations of the original complaint and the proof relates to the date of the beginning of the action, and was cured by the amendment above referred to.

■ Finally, appellant specifies as error the trial court's sustaining objections to a certain conversation and in denying defendant's tender of certain evidence, as follows:

"Mr. Hyatt: We offer to prove by the defendant and Mrs. Danielian, his wife, and Mr. Barsumian, his nephew, that they were present at the home of the defendant when he and the plaintiff entered into an arrangement and settled all obligations between them. The defendant turned over certain property and credits that he had then and the defendant was discharged from any obligation to the plaintiff, and supposed the case had been dismissed, as it was agreed to be dismissed in that settlement; about two days later he came to California and has not been back to Illinois since, had no knowledge of any further proceedings by the plaintiff until this action was started five years later."

Respondent contends, and we think correctly, that this is an attempt to collaterally impeach the judgment, a method of attack not open to appellant, and cites 34 C. J. 511, *Crouch* v. *Shafer*, 177 Cal. 154 [169 Pac. 1019], *Wood* v. *Jordan*, 125 Cal. 261 [57 Pac. 997], *Brush* v. *Smith*, 141 Cal. 466 [75 Pac. 55], and *Crane* v. *Cummings*, 137 Cal. 201 [69 Pac. 984]. The objections were properly sustained.

We believe the above disposes of all appellant's material contentions and specifications of error.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.