FILED

MAY 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEIF ASCAR, Trustee of the Ascar Family Trust Dated July 5, 2012, an individual, | No.    16-55920 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-07496-DSF-E Central District of California, Los Angeles |
| v. | |
| U.S. BANK N.A., a national banking association, | ORDER |
| Defendant-Appellee, | |
| and | |
| SELECT PORTFOLIO SERVICING, INC., a Utah corporation, | |
| Defendant. | |

| | |
|---|---|
| SEIF ASCAR, Trustee of the Ascar Family Trust Dated July 5, 2012, an individual, | No.    16-55956 |
| Plaintiff-Counter-Defendant-Appellee, | D.C. No. 2:13-cv-07496-DSF-E |
| v. | |
| U.S. BANK N.A., a national banking association, | |
| Defendant-counter-claimant-Appellee, | |
| v. | |

OCEAN TOWERS HOUSING
CORPORATION, a California Corporation,

     Third-party-defendant-
     Appellant.

| | |
|---|---|
| SEIF ASCAR, Trustee of the Ascar Family Trust Dated July 5, 2012, an individual, | No.   16-55967 |
|      Plaintiff-counter-<br>     defendant-Appellee, | D.C. No.<br>2:13-cv-07496-DSF-E |
|   v. | |
| U.S. BANK, a national banking association, | |
|      Defendant-counter-claimant-<br>     Appellant, | |
|   v. | |
| OCEAN TOWERS HOUSING CORPORATION, a California Corporation, | |
|      Third-party-defendant-<br>     Appellee. | |

Before:  CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,[*] District Judge.

The prior memorandum disposition filed on April 10, 2018, is hereby

amended concurrent with the filing of the amended disposition today.  The petition

---

[*]     The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

for rehearing is DENIED.  No further petitions for rehearing may be filed in response to the amended disposition.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEIF ASCAR, Trustee of the Ascar Family Trust Dated July 5, 2012, an individual,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>U.S. BANK N.A., a national banking association,<br><br>           Defendant-Appellee,<br><br> and<br><br>SELECT PORTFOLIO SERVICING, INC., a Utah corporation,<br><br>           Defendant. | No.   16-55920<br><br>D.C. No.<br>2:13-cv-07496-DSF-E<br><br>AMENDED<br>MEMORANDUM[*] |
| SEIF ASCAR, Trustee of the Ascar Family Trust Dated July 5, 2012, an individual,<br><br>     Plaintiff-Counter-<br>     Defendant-Appellee,<br><br>  v.<br><br> U.S. BANK N.A., a national banking association, | No.   16-55956<br><br>D.C. No.<br>2:13-cv-07496-DSF-E |

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-counter-claimant-
Appellee,

v.

OCEAN TOWERS HOUSING
CORPORATION, a California Corporation,

Third-party-defendant-
Appellant.

---

SEIF ASCAR, Trustee of the Ascar Family
Trust Dated July 5, 2012, an individual,

    Plaintiff-counter-
    defendant-Appellee,

v.

U.S. BANK, a national banking association,

    Defendant-counter-claimant-
    Appellant,

v.

OCEAN TOWERS HOUSING
CORPORATION, a California Corporation,

    Third-party-defendant-
    Appellee.

No. 16-55967

D.C. No.
2:13-cv-07496-DSF-E

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 9, 2018

2

Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,[**] District Judge.

Seif Ascar, Ocean Towers Housing Corporation ("OTHC"), and U.S. Bank appeal from the district court's orders and judgment regarding the lease to unit 1908B of Ocean Towers Apartments and the associated shares in OTHC.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's summary judgment rulings, including its interpretation of the various agreements at issue, *see Trishan Air, Inc. v. Fed. Ins.*, 635 F.3d 422, 426 (9th Cir. 2011), and its determination that U.S. Bank has standing, *see Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1171 (9th Cir. 2018). Decisions to grant or deny reconsideration are reviewed for abuse of discretion. *See Caliber One Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d 1079, 1082 (9th Cir. 2007).

We affirm the district court's rulings that U.S. Bank has standing to assert an interest in the lease and shares and that OTHC did not breach its notice obligations under the Recognition Agreement.  However, we conclude that OTHC complied with its express contractual obligations when it enforced its security interest

---

[**]     The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

3

against Dorothea Schiro by terminating her lease and selling the leasehold interest and shares to Ascar.[1]  We therefore reverse the district court's ruling that U.S. Bank retains an interest in the shares.

**1.**  U.S. Bank has standing to assert the lender's rights under the Recognition Agreement because those rights were transferred to the Thornburg Mortgage Securities Trust 2007-2 ("Thornburg Trust").  Section 2.01 of the TMFI Mortgage Loan Purchase Agreement provides that Thornburg Mortgage Home Loans "does hereby sell, assign, set over, and otherwise convey to [Thornburg Mortgage Funding, Inc. ("TMFI")], without recourse, all of its right, title and interest in, to and under . . . each Mortgage Loan."  "Mortgage Loans," defined collectively in a preliminary covenant, include the "documents or instruments constituting the Mortgage File."  The Mortgage File, as defined in the Sale and Servicing Agreement, includes "Cooperative Loan Documents" such as the Recognition Agreement.

TMFI "in turn assign[ed]" its interest in the Recognition Agreement to Structured Assets Securities Corporation, which "convey[ed]" it to the Thornburg Trust.  The district court did not abuse its discretion in reconsidering its contrary earlier ruling after being directed to the relevant contractual provision.

---

[1] We express no opinion as to what other recourse, if any, U.S. Bank has against Ascar, OTHC, Schiro, or any other party.

4

**2.** OTHC did not breach the Recognition Agreement's requirement that it notify the lender at least 30 days before terminating the lease to unit 1908B. As the district court observed, the Recognition Agreement did not require OTHC's "successfully tracking down a new lender that had failed to provide any updated address after the loan and security were transferred." Rather, it required that OTHC notify the original lender, Metrocities Mortgage Inc. OTHC "knew" that "Metrocities had assigned its interests in the Schiro Loan, and had gone out of business." OTHC was excused from its obligation to notify an entity that it knew did not exist. *See Campbell v. Shafer*, 121 P. 737, 740 (Cal. 1912).

**3.** The district court erred in ruling that U.S. Bank retained a lien on the shares in OTHC associated with unit 1908B when its leasehold interest was extinguished. "In a stock cooperative, any conveyance, judicial sale, or other voluntary or involuntary transfer of the separate interest [*i.e.*, the shareholder's leasehold interest in a particular unit] includes the ownership interest in the corporation, however evidenced." Cal. Civ. Code § 4640.

The Recognition Agreement establishes that OTHC has priority over the lender if the tenant/borrower defaults on both the loan and the lease. It provides in section 5 that the lender's right to the leasehold and shares is "subject to" OTHC's lien. It further provides in section 3 that if the lender does not cure the tenant's default under the lease within 30 days, OTHC "shall have no obligation to Lender"

5

other than to "recognize" the lender's lien "against the net proceeds of any sale" after first satisfying OTHC's own lien.[2]

U.S. Bank did not cure Schiro's default on the lease before OTHC exercised its right under the Recognition Agreement to terminate her lease, cancel her shares, and sell them to Ascar. Consequently, U.S. Bank's security interest in the lease and shares was contractually extinguished, and there were no net proceeds available from the sale to apply to U.S. Bank's lien.

We do not disturb the district court's finding that "Ascar is not a bona fide purchaser," having purchased unit 1908B for "orders of magnitude" less than its unencumbered value. While this fact may be relevant to U.S. Bank's ability to set aside the sale, *see All. Mortg. Co. v. Rothwell*, 900 P.2d 601, 607 (Cal. 1995), it is not relevant here. We determine only that OTHC complied with the express terms of the Recognition Agreement—not whether it complied with any implied terms or requirements of California foreclosure law. The parties shall bear their own costs on appeal.

---

[2] Section 6 of the Recognition Agreement pertains to physical possession of the shares, establishing the lender's right as a (second) deed of trust holder. It provides that the lender "shall be entitled to retain possession of the Shares" while the loan is outstanding, "notwithstanding" the provision in OTHC's deed of trust that "Union Bank of California shall have possession of the Stock for the benefit of [OTHC]." "Upon payment of the Loan," the lender returns the shares to OTHC. The lender's right to possession under section 6 became inapplicable when the lender's lien interest was extinguished.

**AFFIRMED in PART; REVERSED in PART.**